## MINER N. KNOWLTON

*v.*

## ANNA HANBURY *et al.*

*Filed at Ottawa January 25, 1886.*

1. CHANCERY—*evidence in support of bill, after a confession of plea in bar.* Where a plea of a former adjudication is filed in bar to a cross-bill, and the complainant in the cross-bill fails to reply thereto, and thereby admits the truth of the facts set up in the plea, the only question on the cause being set for hearing on the plea is its sufficiency, and evidence offered in support of the cross-bill is properly excluded as irrelevant.

2. FORMER ADJUDICATION—*effect of dismissal of bill in chancery—as a bar to a second suit.* A former decree in a suit in equity between the same parties and for the same subject matter, is a good defence to a second bill in equity, even though it be a decree merely dismissing the bill, if the dismissal is not expressed to be without prejudice.

3. A, having the legal title to property in Chicago, which really belonged to B, his sister, a resident of Massachusetts, exchanged the same with C for twenty-seven vacant lots in a village in Massachusetts, and deeds were made accordingly. The Chicago property was conveyed, subject to a deed of trust thereon, for $1800, A agreeing to pay the interest on the incumbrance up to a certain date. B filed a bill in the United States Circuit Court for the Northern District of Illinois, against C, making A and others, parties, seeking to set aside the exchange of property on the ground of fraudulent representations in respect to the character, location and value of the village lots, which, on the hearing, was dismissed. C afterward filed his bill in the State court, to enjoin a sale of the Chicago property, making the trustee, and A and B, parties. A filed a cross-bill seeking a rescission of the contract of exchange on the same grounds of fraud, to which C pleaded the former decree in the Federal court in bar: *Held,* that the decree of dismissal in the Federal court was a bar to the relief sought in the cross-bill.

APPEAL from the Superior Court of Cook county; the Hon. GEORGE GARDNER, Judge, presiding.

Mr. B. M. MUNN, for the appellant:

The plea of estoppel or *res judicata* applies only when the same question was once judicially determined and is raised again between the same parties; and it is essential that all

questions of fact and of law should be the same; also, that the subject matter and grounds of action, and the same parties suing or defending in the same character, shall be the same. Hermann on Estoppel, sec. 22, p. 21; Bigelow on Estoppel, (2d ed.) 6.

*Res judicata* applies only where the cause has gone to a complete termination, and nothing more is to be done to settle the rights of the parties, or the extent of those rights. Bigelow on Estoppel, (3d ed.) 32, 33; *Packet Co.* v. *Sickles,* 5 Wall. 583; *Russell* v. *Place,* 94 U. S. 608; *Foster* v. *Busteed,* 100 Mass. 412; 45 Texas, 104; 45 Mo. 294; *Davis* v. *Kennedy,* 105 Ill. 306; *Shinkle* v. *Letcher,* 47 id. 216.

Messrs. M. A. RORKE & SON, for the appellees:

So long as a plea in bar of a record in another court of equity had been pleaded to the entire cross-bill of Knowlton, and remained undisposed of, the court below could not receive or hear evidence in support of the cross-bill. This is an elementary rule of equity pleading. 1 Daniell's Ch. Pr. chap. 15, sec. 4.

Again, as Knowlton did not reply to said plea, its truth was admitted, and Knowlton could only take the judgment of the court below as to its sufficiency in point of form or of substance. Story's Eq. Pl. chap. 13, sec. 697.

The rights of the parties could have been, and were, adjudicated in the former suit, and if Knowlton was dissatisfied with the decree there rendered, his remedy was by appeal. *Hicks* v. *Chapin,* 67 Ill. 375.

It is a well settled rule, that a decree dismissing a bill upon its merits is conclusive until reversed, and is good in bar to a new bill for the same matter. 2 Story's Eq. Jur. sec. 1523; 1 Gray, 412.

And where there is no want of jurisdiction, an erroneous judgment is just as binding on the parties to it, until reversed, as a judgment entirely free from error, and may be pleaded

as a bar to a second suit. *Graceland Cemetery Co.* v. *People,* 92 Ill. 619.

Again, where the same matters involved in a suit in equity were involved in a prior suit, though in the United States Circuit Court, and the two suits were between the same parties, the decision in the prior suit will be conclusive on the trial of the second suit brought in the State court. *Ruegger* v. *Railroad Co.* 103 Ill. 449.

The doctrine of *res judicata* is again stated in *Cooper* v. *Corbin,* 105 Ill. 224, and *Tilley* v. *Bridges,* id. 336.

In a suit between substantially the same parties, such a plea of former adjudication was held good as an estoppel by judgment. *Hanna* v. *Reed,* 102 Ill. 596; *Thompson* v. *Roberts,* 24 How. 233; *Hamilton* v. *Quimby,* 46 Ill. 90.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

Miner N. Knowlton, who claimed to own title to Nos. 18, 20 and 22 Winthrop Place, Chicago, entered into a contract with Anna Hanbury to exchange the property for twenty-seven vacant lots at Clarendon Hills, Massachusetts. The legal title to the Chicago property appeared to have been in the name of Knowlton, but his sister, Emily Hoyt, was the real owner. The Chicago property was transferred subject to an incumbrance on No. 22 of $1800, and the lots at Clarendon Hills were transferred subject to an incumbrance of $1000. Some time after the exchange of the property, Lyman Baird, who was named in the deed of trust on No. 22 as trustee, advertised the property for sale, and Anna Hanbury, on the 8th day of February, 1883, filed her bill to enjoin the sale. Lyman Baird, Knowlton, and Emily Hoyt were all made parties to the bill. The complainant alleged in her bill, that in the trade Knowlton had agreed to pay all interest on the note named in the deed of trust which had accrued prior to October 1, 1882, and that after that date the rate of interest was

agreed to be changed from nine to eight per cent. The balance of the incumbrance complainant offered to pay. The defendants answered, denying every material allegation of the bill, and defendant, Knowlton, filed a cross-bill, in which he set up, in substance, that complainant in the bill, Anna Hanbury, by fraud and false representations respecting the character, value, location and price paid for the Clarendon Hills property, procured the sum of $500 in cash and the execution of said contract and deeds, thereby acquiring title deeds and the possession of property renting for $1320 per annum, and worth at least $12,000, subject to the $1800 incumbrance only on No. 22, for said twenty-seven vacant lots, incumbered for $1000, but not worth the incumbrance; that he relied upon said representations, and believed them to be true, and made the exchange without seeing the Clarendon Hills property, but shortly afterwards, upon inspection, he found that he had been victimized, and defrauded to the extent of $12,000, or more. The cross-bill contained a prayer that the contract, and all deeds made thereunder, might be canceled, and that Anna Hanbury might be compelled to account for rents, etc. To the cross-bill Anna Hanbury filed a plea of former recovery in bar of the matters set up in the cross-bill. In the plea it was averred that a certain cause had been determined in the United States Circuit Court for the Northern District of Illinois, wherein Emily Hoyt was complainant, and Knowlton, Hanbury, and others, defendants. The plea sets out copies of the pleadings in said cause as exhibits, and in substance avers that the subject matter of Knowlton's cross-bill and the prayer for relief, as against Hanbury, is the same as the subject matter and prayer for relief in the bill interposed by Emily Hoyt in the United States Circuit Court. It is also alleged and set up in the plea that the bill in the United States Circuit Court, on the hearing, was dismissed for want of equity, and that the decision is conclusive of the matters relied upon here. After the filing

of the plea the cause was set down for hearing, and on the hearing the court sustained the plea and dismissed the cross-bill. On the original bill the court found that Emily Hoyt, sister of Knowlton, was the holder of the note for $1800, secured by deed of trust, and decreed the payment of the note, and interest from June 25, 1881, to February 31, 1883, and that the note and trust deed be surrendered to the clerk of the court to be canceled. The court also found that Knowlton was indebted to Hanbury in the sum of $307.55, but this amount was not decreed to be paid, but Hanbury was left free to sue at law to recover said sum. Emily Hoyt, the holder of the note, acquiesced in the decree, but Knowlton appealed.

Several alleged erroneous rulings of the Superior Court are relied upon to reverse the decree,—first, in refusing to hear evidence of appellant in support of his cross-bill. Under the pleadings the evidence was not admissible. A plea of former adjudication was interposed by the complainant to the matters set up in the cross-bill. Appellant did not reply to the plea. The truth of the facts therein alleged was admitted, and the only question for the court to determine was, whether those facts set up in the plea constituted a bar to a recovery on behalf of appellant. Hence the offered evidence had no bearing whatever on the question presented by the pleadings for the determination of the court. 1 Barbour's Ch. Pr. 120; *Rhode Island* v. *Moss*, 14 Pet. 210; Story's Eq. Pl. sec. 697.

*Second*—The court erred in dismissing the cross-bill of appellant. If the matters in litigation in the case in the Circuit Court of the United States for the Northern District of Illinois were the same as those set up in the cross-bill, and between the same parties, it is clear that the decree rendered in that court must be held conclusive of the matters set up by appellant in the cross-bill. (*Peterson* v. *Nehf*, 80 Ill. 25.)

In Story's Equity Jurisprudence, sec. 1523, it is said: "A former decree in a suit in equity between the same parties and for the same subject matter is also a good defence in equity, even although it be a decree merely dismissing the bill, if the dismissal is not expressed to be without prejudice." The law very properly gives every man a day in court, but litigation ought not to be encouraged, and when a matter has once been litigated and decided by a court of competent jurisdiction, that matter can not again be brought into litigation between the same parties, but the judgment or decree first rendered will be held conclusive between the parties. Here the plea interposed by Anna Hanbury clearly shows that the matters and things set up and relied upon by Knowlton in his cross-bill and his prayer for relief, as against her, are substantially the same matters and things set up and relied upon by Emily Hoyt in her bill which was filed and passed upon in the Circuit Court of the United States. The appellant by his cross-bill makes the same case, and relies upon substantially the same grounds for relief, in this suit, as Emily Hoyt made in behalf of Knowlton in the Federal court. The main object of the bill in the Federal court was to rescind the trade which had been made between Knowlton and Anna Hanbury, on the ground of fraud. As we understand the cross-bill in this case, its object is the same, and based upon the same grounds. In the case in the Federal court, Knowlton, Hoyt and Hanbury were all properly before the court, as they are here, and we perceive no tangible ground whatever upon which it can be held that the former decree is not a bar to a recovery here in the case made or attempted to be made by the cross-bill.

It is also claimed that the court erred in reforming the written contract between the parties. Upon an examination of the decree we do not understand that this was done. On the other hand, the decree leaves the contracts as they were made by the parties.

Other questions of minor importance have been argued, but we perceive no substantial error in the record, and it will not be necessary to consider those questions.

The decree of the Superior Court will be affirmed.

*Decree affirmed.*

SCHOLFIELD, J., and MULKEY, C. J., dissenting.