## CHARLES PETERSON *et al.*

*v.*

## JOHN W. C. NEHF.

FORMER ADJUDICATION—*conclusive of rights of parties as to matters involved therein.* On the hearing of a bill filed by a creditor against the wife of his debtor, to set aside a deed from the husband and wife to a third party, and a deed from such third party to the wife, it appeared that the complainant in such suit had, after the execution of the deeds so sought to be set aside, purchased the property in said deeds described, from the husband, and taken a deed from him to one who held it in trust for complainant; that the wife refused to join in such deed, and afterwards filed a bill to set the same aside as a cloud upon her title, derived through the deed from the grantor of her husband and herself; that on the hearing of said bill, the trustee of complainant defended as his trustee. The complainant was himself present, both in person and by attorney, and the court rendered a decree in accordance with the prayer of her bill: *Held*, that this adjudication was conclusive, as between the complainant and defendant, as to the validity of the title of defendant, and that the question could not be again litigated by complainant on a bill to set aside the deed to defendant.

APPEAL from the Superior Court of Cook county; the Hon. S. M. MOORE, Judge, presiding.

Mr. THOMAS SHIRLEY, for the appellants.

Mr. HUGH CUNNING, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a creditor's bill, filed by Nehf, to cancel deeds of a certain lot of land, executed by Charles Peterson to William R. Weibolt, and by Weibolt to Catharine Peterson, wife of Charles Peterson, as in fraud of creditors, and without consideration, and to subject the property to the payment of complainant's judgment against Charles Peterson.

The court below decreed in favor of the complainant, and the defendants appealed.

It appears, that in 1868 Charles Peterson purchased the premises in controversy—lot 25, in block 2, in Henry Waller's subdivision of the north-west quarter of the north-east quarter of section 20, etc.—and borrowed from Nehf $800 to pay toward the purchase money, and the latter erected a house for Peterson on the lot, and took his notes therefor. Nehf afterward bought, at Peterson's request, his partner's half of a grocery, for $1600, and became partner of Peterson in the store. In 1872, Peterson agreed to sell said lot to Nehf for the latter's one-half interest in the store, $1000 cash, and payment of the notes held by Nehf against Peterson.

Peterson got the store, and made Nehf a deed for the lot, executing the deed, at the request of Nehf, to Philip Lehman, a brother-in-law. Mrs. Peterson refused to join in the deed, and, subsequently, filed a bill to cancel this deed, she claiming the property by deed from her husband to Weibolt and from Weibolt to her, in 1871, prior to Lehman's deed from Peterson, and she succeeded in her bill. Nehf then obtained judgment against Peterson on the notes against him, and on the 9th of February, 1874, filed the present bill.

It would seem to be sufficient for the disposal of this case, that there has been, as we regard, a previous adjudication of this subject matter of controversy.

Catharine Peterson, on March 29, 1872, filed her bill of complaint in the circuit court of Cook county, against Philip Lehman, setting forth that she was the owner in fee of this lot, and acquired title by deed from Weibolt, August 14, 1871; that

in December, 1871, Nehf, through his brother-in-law, Lehman, attempted to purchase the property of her, and succeeded, against her will and consent, in getting her husband to sign the deed, and with his signature alone to it they put the deed on record; that it was a cloud upon her title, and its removal was asked for.

It was set up in defense by Lehman, that the conveyance of the lot from Peterson and wife to Weibolt, and from Weibolt to Catharine Peterson, was fraudulent as to the creditor Nehf, in whose behalf Lehman made defense, on the ground that he had assumed to pay Nehf what Peterson owed him, and thus stood in the place of Nehf. Lehman, too, afterward, filed his bill of complaint against Peterson and wife, Weibolt, and Nehf, seeking to get from Catharine Peterson the same land, setting up fraud in the conveyance thereof to Weibolt, and from him to Catharine Peterson.

Issues were made on the facts respectively set up, and both causes heard together, and upon final hearing the court decreed in favor of the complainant in the first named bill, finding the property to be the sole and separate estate of Catharine Peterson, and ordering the cancellation of the deed procured by Nehf, in the name of Lehman, from Peterson, and ordering a reconveyance of the premises to Catharine Peterson, and a decree was rendered dismissing the last named bill of Lehman. Lehman was but a trustee of Nehf. The attorney for Lehman, in the former suits, testified that he appeared for Lehman in those suits, and that he was also acting for Nehf. Nehf was present at the hearing, and was a witness. We think that in the former suits, under the evidence, Lehman should be regarded as representing Nehf, and that the decrees therein should be held to be equally binding upon Nehf as upon Lehman.

This appears to be but a re-opening of the same question which has been once decided, namely: whether or not this was a fraudulent conveyance to Mrs. Peterson, as against creditors. The former decision, in favor of its validity, we think, should be held as conclusive between these parties.

An error of description in the quarter-quarter section of the subdivision of Waller, which has been adverted to as occurring in some of the deeds—describing it as of north-west quarter of the *north-west* quarter, instead as of north-west quarter of the *north-east* quarter—we regard as of no moment. It was but an immaterial circumstance of description. The lot would have been sufficiently identified by describing it as situate in Henry Waller's subdivision simply. It was the same identical property which was conveyed, and which was in controversy throughout.

The decree will be reversed, and the cause remanded for further proceedings in conformity with this opinion.

*Decree reversed.*