HENRY J. REYNOLDS

*v.*

LEON MANDEL *et al.*

*Opinion filed October 24, 1898.*

1. APPEALS AND ERRORS—*when question of trial court's abuse of discretion cannot be raised.* The question of the abuse of the trial court's discretion in permitting a special plea to be filed at the close of the evidence cannot be raised on appeal, where no exception was taken to the court's action at trial.

2. DEMURRER—*demurrer to plea admits that latter was properly filed.* One who, without excepting to the court's action in allowing a plea to be filed, promptly raises an issue of law by demurrer, thereby admits that the plea was properly filed.

3. PLEADING—*when plea sufficiently presents an estoppel by verdict.* A plea sufficiently raises the question of estoppel by verdict which shows upon its face that a controlling fact in the suit had been raised and determined in a former suit between the parties, the judgment wherein remains in full force and effect.

*Reynolds* v. *Mandel,* 73 Ill. App. 379, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

J. S. HUEY, and FRANK J. SMITH, for appellant.

TENNEY, McCONNELL, COFFEEN & HARDING, for appellees.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

On August 10, 1893, the appellees took possession of certain property included in a chattel mortgage given by appellant, for an alleged breach of its conditions, and thereafter sold the same in pursuance of its provisions, crediting the proceeds thereof, which did not satisfy the debt and the expenses of the custodian for the care of said property by $14,234, for which judgment was obtained December 23, 1893. In the suit to recover said balance of debt and said expenses the appellant interposed a defense. Thereafter, on December 21, 1894, the appellant brought this suit in trespass for the alleged unlawful seizure of said goods, etc. The defendants (appellees) filed the general issue and certain special pleas, the special plea in controversy being filed on leave, after the conclusion of the plaintiff's evidence. That plea set up the taking of possession of said property, under and by virtue of the terms of said mortgage, for an alleged breach in not insuring the same for the mortgagees' benefit, as agreed, and because said property was about to be sold on legal process against the mortgagor, this appellant; the sale thereof, and application of the proceeds, $5279, as a credit on the said indebtedness; the subsequent suit against appellant to recover the balance of said debt due and the said expenses of the custodian's fees for the care of said property; the defense interposed to said suit, that said goods and chattels had been unlawfully taken under said chattel mortgage; that issue was joined on said defense and that appellees recovered judgment in said causes of action for $14,234, which judgment is alleged to be in full force and effect, etc. A general and special demurrer was interposed to the plea, which was overruled, and the plaintiff electing to stand by the demurrer, the suit was dismissed and judgment given for defendants for costs, which was affirmed by the Appellate Court.

The points made against this plea are: First, that it was an abuse of discretion in allowing the plea to be filed after the conclusion of the plaintiff's evidence; second, that it does not state the facts from which the court can determine whether the matters involved in this suit had been adjudicated; third, that it does not appear from said plea that the lawfulness, or the contrary, of the entry and seizure was adjudicated; fourth, that the plea is double. The leave to file this plea, and its sufficiency, are the only questions presented.

No exception was taken to the order of the court granting the motion for leave to file the plea, therefore the question of the abuse of discretion cannot be raised. (*Deitrich* v. *Waldron*, 90 Ill. 115.) This is held to be the rule also in sustaining a motion to strike a plea. (*Reed* v. *Horne*, 73 Ill. 598.) The appellant, without excepting, promptly raised an issue of law by filing a demurrer to the plea, which was an admission that it was properly filed. (*Bobe* v. *Trainor*, 8 Ala. 8; 6 Ency. of Pl. & Pr. 335; *Caveny* v. *Weiller*, 90 Ill. 158.) This is also the rule in chancery practice. *Griggs* v. *Gear*, 3 Gilm. 2.

The second and third points raise substantially the question as to whether the plea sets up facts showing that the lawfulness of the seizure was adjudicated in the former suit. The plea avers, in substance, that one cause of action was the said expenses arising out of said seizure, or care of the property after seizure and before the sale under the mortgage, to which cause of action the defense was interposed, as alleged, that said goods and chattels were unlawfully taken under said chattel mortgage; that issue was joined, "and thereupon defendants recovered judgment against plaintiff for the causes of action aforesaid."

It is urged the plea is double. That point seems not to have been made in the Appellate Court, and therefore should not be urged here. One of the causes of action, as alleged, was the expense attending the said seizure

of said goods; one of the defenses interposed, as alleged, was that such seizure was unlawful and therefore the expense was unauthorized. This put that matter directly in issue. But the plea is not fairly subject to that objection. The plea does not purport to set up the defense of *res judicata* by judgment,—that is, that the cause of action and the thing sought to be recovered were the same in both actions,—but rather *res judicata* by verdict; that is, that a specific fact or question had been adjudicated in a former suit, which was a material and controlling fact to the decision of that cause of action, and that the same fact or question is again put in issue in a subsequent suit between the same parties. (*Hanna* v. *Read*, 102 Ill. 596.) In such case a material and controlling fact in both cases, once decided, is *res judicata* as between the same parties when again brought in issue. (*Wright* v. *Griffey*, 147 Ill. 496.) It is said to be sufficient if that point was essential to the former judgment. (Freeman on Judgments, sec. 257.) In fact, it is said the doctrine extends to any other matter properly involved and which might have been raised or determined. (*Bennitt* v. *Star Mining Co.* 119 Ill. 9.) To render a matter *res judicata* it is not essential that it should have been distinctly and specifically put in issue by the pleadings. (Freeman on Judgments, sec. 249.) Nor is the fact or question any less in issue because the averments of the declaration and traverse are general. (*Wright* v. *Griffey, supra.*) This plea set up the facts of the seizure of goods under the chattel mortgage and the expense of the care of the property before the sale thereunder as the ground of action for the recovery of such costs, and then followed the same with averments of a suit to recover the same, the issue formed thereon and the judgment of recovery on such cause. This was proper pleading, especially as it is conceded the counts were common in the former suit, with a bill of particulars attached which included such costs.

The judgment is affirmed.            *Judgment affirmed.*