(No. 15597.—Decree affirmed.)

JOHN E. WINKELMAN, Appellant, *vs.* LAURA M. WINKEL-MAN, Appellee.

*Opinion filed December 19, 1923—Rehearing denied Feb. 7, 1924.*

1. RES JUDICATA—*question once decided cannot again be litigated in same or any other cause of action between same parties.* Where a fact or question has been directly in issue in a suit and a judicial determination has been had upon such issue by a domestic court of competent jurisdiction, the judgment of such court is conclusive between the parties to that action and persons in privity with them, and the question cannot again be litigated between them in the same court or in any other court of concurrent jurisdiction upon the same or a different cause of action.

2. SAME—*decision as to title to property is conclusive between parties and privies.* Where the title to property is directly put in issue in a suit at law or in equity, whether it be by the pleadings or in the course of litigation, and such issue is tried and determined, the judgment is conclusive in all further litigation between the same parties or their privies, whatever may have been the nature or purpose of the action in which the judgment was rendered or of that in which the estoppel is set up.

3. DEEDS—*when dismissal of bill to have conveyance declared a constructive trust bars subsequent suit to set aside the deed.* The dismissal of a bill to have a conveyance declared a constructive trust on the ground that the grantor was persuaded to make the

conveyance on the grantee's promise that she would provide a division of the property among his other children, will bar a subsequent suit between the same parties to set aside the deed on the ground of undue influence, where the decision in the original case was based upon the finding that the deed was the voluntary act of the grantor and that he was not unduly influenced.

APPEAL from the Circuit Court of Cook county; the Hon. IRA RYNER, Judge, presiding.

FASSETT, ABBOTT & HUGHES, (JOHN E. HUGHES, and EDWIN H. ABBOTT, of counsel,) for appellant.

WINSTON, STRAWN & SHAW, (T. IRVING CHRISTOPHER, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant filed a bill in the circuit court of Cook county to set aside a deed to certain real estate made by Frederick A. Winkelman to his daughter, Laura M. Winkelman, appellee. A demurrer was sustained to this bill and an amended bill was by leave of court filed. This bill was likewise demurred to and the demurrer was sustained. Appellant abided his amended bill and the same was dismissed for want of equity. He brings the cause here for review.

Appellee contends that this case is settled by a previous decision of this court in a case between the same parties on the same facts and subject matter and that the previous case constitutes a complete bar to this suit. The grounds of the demurrer sustained by the court are, that the bill alleges no ground sufficient in law for setting aside the deed, and that it shows no equitable or legal title in the complainant.

This case was before this court in *Winkelman* v. *Winkelman,* 307 Ill. 249. Appellant states in his brief that the parties have agreed that this court shall pass upon the question whether the decision in that case is a bar to the main-

tenance of this action, and as both parties have argued that question we will decide it. This appellant there filed a bill to declare the conveyance to Laura M. Winkelman to be a constructive trust for the benefit of herself and the other children of the grantor. The facts concerning the making of the deed in question, as set out in both bills, are to be found in the statement of facts in the opinion filed in the case on previous hearing here. The bill in the original case alleged that the grantor was seventy-seven years old, weak and feeble in body and mind and easily susceptible to the influence and persuasion of appellee, and that she, with intention to defraud and deprive the complainant of enjoyment of the property, by undue persuasion, importunity and the overpowering influence exercised by her, and by means of fraudulent representations, caused her father to execute to her the deed in question; that appellee was living with the grantor in his home, keeping it for him, assisting him in his business transactions, acting as his agent, supervising the care and nursing of him, and that he reposed in her complete confidence and trust. That bill also alleged that because of the grantor's age, health, situation and the confidential relation to his daughter, and because of the confidence he reposed in her, he was induced by false representations and undue influence to convey the property to her; that the deed was not the act of the grantor but was procured by gross abuse of trust and confidence; that his will and intent were overpowered and controlled; that she represented to him that she would divide the income among herself, her sister and the complainant and would on demand deed each a one-third interest therein, and that the grantor was, by reason of her influence and such representations, induced to convey the property to her, and that she therefore held the same in trust for said three persons.

The allegations of the bill in the present case are, that the grantor was feeble in body and mind and that his mentality was somewhat impaired; that appellee was at his

home, managing the same for him, conducting all his business transactions, and was his nurse during his illness and dominated and controlled him; that she had acquired and he had reposed in her his complete confidence and trust and that a confidential relation existed between them. The bill alleges that the deed in question was made as the result and solely by virtue of the confidential relation existing between the grantor and appellee. The bill further charges that while the grantor was not mentally incompetent to make the deed when it was executed, yet by reason of his weakened mentality and his ill-health and the confidential relations between him and appellee the deed was made and would not have been executed but for those reasons; that the making of the deed was induced solely by the confidential relations existing between the grantor and appellee. The bill prays that the deed be set aside and appellee be decreed to make full and complete accounting of the income received by her from the property.

This court in the opinion filed in the original case herein referred to, found "the proof abundantly shows the grantor was in full possession of his mental faculties and that he was engaged many years in the real estate business. That he was recognized as a man of good business ability and judgment is shown by the fact that he had been for many years chairman of the finance committee of the Universalist General Convention. That committee was composed of men of high standing, representing several States, and had charge of the property and investments of the Universalist church throughout the country." The opinion also held that "even if a fiduciary relation existed between grantor and grantee, as contended by appellee, the proof, to our minds, was wholly insufficient to authorize the decree. It is very clear Laura's father had great affection for her and trusted her as any parent would love and trust a dutiful child. During his illness she attended to some business matters for him by his direction and he gave her access to

his safety deposit box in the Northern Trust Company. She collected checks given her father for rent and deposited the money to her account in the bank, also paid the household expenses and the expenses of her father's illness and did other things for her father of similar character. The proof does not show that the father was subject to the dominion and control of his daughter, but it does show the deed was the voluntary act of the grantor, that he had full knowledge of its nature and effect, and that it expressed his desire and purpose. In such case, even if a fiduciary relation existed, unless by reason of that relation undue advantage was taken of the grantor the conveyance would not be affected.—*Pillsbury* v. *Bruns,* 301 Ill. 578; *Roche* v. *Roche,* 286 id. 336; *Kellogg* v. *Peddicord,* 181 id. 22."

It will be seen that this court found on practically the same allegations of fact in the two bills and the proof made on the former as to the condition of the grantor and the relations of the parties, that the deed was not made through undue influence or lack of mental capacity on the part of the grantor but because of the affection which he held for appellee and a desire and purpose on his part that she should have the property in question. While it is contended by appellant that in this suit the deed is assailed on grounds different from the attack made in the previous case, we are unable to agree with that contention. In addition to the finding by this court that the proof did not show a promise on the part of Laura to divide this property among the other children of the grantor, the opinion explicitly finds and holds that the proof shows the grantor to have been of sound mind and free from undue influence on the part of his daughter Laura, and that the deed was not made by any undue influence arising out of a fiduciary relation existing between Laura and her father, if such did exist. The rule is, that when a fact or question has been actually and directly in issue in a former suit and a judicial determination

has been had upon such issue by a domestic court of competent jurisdiction, the judgment of that court in such case is conclusive so far as concerns the parties to that action and persons in privity with them, and cannot again be litigated in a future action between such parties or their privies in the same court or in any other court of concurrent jurisdiction upon the same or a different cause of action. (*Reynolds* v. *Mandel,* 175 Ill. 615; *Wright* v. *Griffey,* 147 id. 496; *Rowell* v. *Smith,* 123 Wis. 510; 23 Cyc. 1215.) Where the title to property is directly put in issue in a suit at law or in equity, whether it be by the pleadings or in the course of litigation, and such issue is tried and determined, the judgment is conclusive in all further litigation between the same parties or their privies, whatever may have been the nature or purpose of the action in which the judgment was rendered or of that in which the estoppel is set up. *Peterson* v. *Nehf,* 80 Ill. 25; *Kelly* v. *Donlin,* 70 id. 378.

It is of first importance both in the observance of private rights and the public good that a question once adjudicated by a court of competent jurisdiction shall be considered as finally settled and conclusive upon the parties, subject only to proceedings in a court of review. (*Fayerweather* v. *Ritch,* 195 U. S. 276.) Practically all of the grounds now urged as reasons for setting aside the deed in question in this case were urged in the original case, where appellant here sought to have the deed declared a constructive trust. This court held against appellant in all of his contentions. The question, so far as he is concerned, is settled, and the decree of the circuit court will therefore be affirmed.

*Decree affirmed.*