(No. 16287.—Appeal dismissed.)
JOSEPHINE C. TREBBIN, Appellee, *vs.* JOSEPH THOERESZ *et al.* Appellants.

*Opinion filed February 17, 1925.*

1. JUDGMENTS AND DECREES—*what orders are interlocutory.*   To be final a decree must declare the title or rights of the parties, and an order overruling or sustaining a demurrer is merely interlocutory, as is also an order that a bill be taken *pro confesso,* which is intended merely to prepare the case for a final decree.

2. SAME—*only final decrees are subject to review.*   Only final decrees are subject to review by appeal or writ of error, and where an appeal is taken from an interlocutory order instead of from the final decree entered the following day the appeal must be dismissed.

APPEAL from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

WILLIAM REEDA, CHARLES E. PEACE, and WILLIAM JAFFE, for appellants.

WALTER L. WENGER, for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court: .

On February 20, 1924, Josephine C. Trebbin filed her bill of complaint in the superior court of Cook county against Joseph Thoeresz and others. She alleged in the bill that she was formerly the wife of Thoeresz; that she obtained a divorce from him on April 26, 1922, on the ground of extreme and repeated cruelty; that since her ·divorce she married Alfred H. Trebbin; that on May 22, 1920, she and Thoeresz acquired, as joint tenants, the title to a certain lot improved by a three-story apartment building and a frame cottage, known as 1526 Wilson avenue, Chicago; that they paid $5900 in cash and gave their purchase money note in the sum of $6000, secured by trust deed, for the property; that the title thereto is still vested in them as joint tenants, subject to the purchase money encumbrance; that the decree of divorce required Thoeresz to pay alimony, directed that the rights of the parties in the property remain *in statu quo,* and granted Thoeresz the right to collect the rents and have general control of the property until the further order of the court or until the complainant and Thocresz should sell and convey it; that Thoeresz has collected the rents; that he paid the alimony till July, 1923, but that he has declined to do so since because of her marriage to Trebbin, and that by reason of Thoeresz's refusal to pay alimony she has become entitled to one-half of the net income from the property since July 1, 1923. The tenants, the holder of the purchase money note and the trustee in the mortgage were made parties defendant. The prayer of the bill was for an accounting of rents, the appointment of a receiver and for partition. The holder of the purchase money note filed a separate answer. Thoeresz and the tenants filed a joint answer, which by leave of court was withdrawn. Subsequently Thoeresz, the tenants and the trustee filed a demurrer. On July 18, 1924, an order was entered by which the demurrer was overruled, and for

the want of an answer the bill was taken as confessed by Thoeresz and the tenants. Thoeresz elected to abide by his demurrer and prayed an appeal to this court, which was allowed. On the following day, July 19, 1924, a formal decree of partition, which declared the rights and interests of the parties, was entered. This appeal is prosecuted from the order of July 18, 1924.

The order of July 18 recites that appellant "having elected to stand by his demurrer has prayed an appeal to the Supreme Court * * * from the order of this court overruling said demurrer and ordering that said bill of complaint be taken as confessed and that a decree *pro confesso* be entered." The appeal bond also recites that the appeal is taken from that order. The order of July 18 was not a final decree. It did not declare the rights and interests of the parties to the suit. The decree of July 19 determined and declared those rights and interests and directed an accounting and partition, but from that decree no appeal was taken.

An order overruling or sustaining a demurrer is merely interlocutory and not appealable. (*Smith* v. *Dellitt,* 244 Ill. 75; *People* v. *Board of Education,* 236 id. 154.) Likewise an order that a bill be taken *pro confesso* is interlocutory and intended to prepare the case for a final decree. A decree, to be final, must declare the title or rights of the parties. (*Crowe* v. *Kennedy,* 224 Ill. 526.) The statute only authorizes final judgments or decrees to be reviewed on appeal to or writ of error from this court. Since the order appealed from was not such a decree this court has no jurisdiction of the cause and will dismiss the appeal on its own motion. *Williams* v. *Huey,* 263 Ill. 275; *County of Franklin* v. *Blake,* 257 id. 354; *Chicago Portrait Co.* v. *Crayon Co.* 217 id. 200.

The appeal must therefore be dismissed.

*Appeal dismissed.*