(No. 24475.—

S. G. BRAUN, Appellant, *vs.* THOMAS J. MALOY *et al.* Appellees.

*Opinion filed June 15, 1938.*

CHARLES R. BARRETT, and EDWARD N. SHERBURNE, for appellant.

GEORGE GILLETTE, ELMER M. LEESMAN, and JOHN F. McCARTHY, for appellees.

Mr. JUSTICE FARTHING delivered the opinion of the court:

On July 20, 1936, S. G. Braun filed, in the superior court of Cook county, her ejectment complaint to recover from defendants possession of certain described real estate of which she claimed ownership in fee simple. Defendants answered, denying plaintiff's ownership or that they willfully withheld possession. The trial court found the issues in favor of the defendants and entered judgment accordingly. The cause is now before us on direct appeal, title to the real estate being in issue.

The parties claim title through a common source, one John Polulach, who, on March 25, 1927, executed three principal notes aggregating $8000, notes A and B for $500 each, and note C for $7000, with interest coupons attached. To secure these notes, Polulach executed a trust deed conveying the premises here involved. By *mesne* conveyances from Polulach, title to the premises became vested in Albert Edward Anderson on February 25, 1930. On November 14, 1932, Catherine McDermott, as guardian, filed her bill of complaint in the circuit court to foreclose the above men-

tioned trust deed alleging her ownership of notes B and C, aggregating $7500, and averring that one Olaf Peterson was the owner of note A, with interest coupons, which latter note and the interest coupons had been subordinated to those of complainant. Peterson was made a defendant and so were Anderson, the then owner of the equity of redemption subject to the trust deed, and also his wife. Summons was served on Anderson and his wife on January 26, 1933, returnable to the February term. They defaulted. In August, following, a decree of foreclosure was entered in which the court found it had jurisdiction of the subject matter and of all defendants, due personal service on Anderson and his wife, their failure to plead to the bill or to the amendment thereto, and their default. The decree also found the ownership, subordination, payment and cancellation of notes and interest coupons exactly as alleged in the complaint, and awarded the relief prayed. The premises were sold by the master and, no redemption being had, deed was issued to Catherine McDermott, as guardian. In August, 1935, under authority of the probate court, she, as such guardian, sold and conveyed the premises to defendants for $7000, and they thereupon went into possession.

In April, 1933, more than five months after the foreclosure suit was instituted and three months after service of summons therein on him, Anderson was adjudicated a voluntary bankrupt, and, on June 4, 1934, his trustee in bankruptcy sold the bankrupt's interest in the premises to plaintiff, subject to all encumbrances, for $50. The amendment to the bill of complaint above referred to was filed on May 16, 1933, pursuant to an order of court finding that due notice of the motion to amend had been given to all parties entitled to notice. The amendment did not introduce a new cause of action but merely made unknown owners of principal note A, and certain coupons, additional parties defendant, and asked against them the same relief as prayed against the defendants in the original bill.

Appellant (plaintiff below) first urges as error that the trial court erred in denying her motion to strike from the files the appearance and motion of defendants, Thomas J. and Evangeline Maloy. This alleged error cannot be considered here since there is nothing now in the record before us on which her arguments in that connection can be predicated. Although the original record, procured at the instance of appellant, contained her motion to strike which was in the form of a petition, the appellees have filed an additional record, after obtaining leave so to do. In this latter record the trial court clerk certifies that the original record is incorrect in that the appellant's motion was never filed in the trial court, and should not have been included in the record on appeal, and that he included it through error or inadvertence.

Appellant's major contention is that the trial court erred in receiving in evidence the foreclosure proceedings. She takes the position that neither she nor her predecessors in title were parties to the foreclosure, inasmuch as the amendment to the complaint in that proceeding was filed, so she claims, without notice to her predecessor in title, Anderson, or to Anderson's trustee in bankruptcy; that whatever title Anderson had, vested in his trustee in bankruptcy; that such trustee was entitled to notice of the amendment and, in default of such notice, the effect of the decree was to deprive the defendant, in that suit, of his rights and property without due process of law, and, therefore, the decree as to appellant was a nullity.

An examination of the record leaves us of the opinion that appellant was bound by the foreclosure decree. The present suit, being an action in ejectment, is a suit at law and not in equity, and in such action it is a long established rule that the plaintiff must recover, if at all, on the strength of her own title and not on some equity existing in her or on some weakness in the defendant's position. (*Hooper v. Goldstein*, 336 Ill. 125.) Appellant, by her deed from

the bankruptcy trustee, did not acquire the legal title to the premises but received only what her predecessors had, namely, a right to redeem from the mortgage indebtedness. Therefore, even under her own theory that she was not bound by the foreclosure proceeding, her asserted right to maintain ejectment must fail. *Kelgour* v. *Wood,* 64 Ill. 345; *Oldham* v. *Pfleger,* 84 id. 102; *Walker* v. *Warner,* 179 id. 16.

The judgment of the superior court was right, and it must be affirmed.

*Judgment affirmed.*