(No. 24993.—)

WYNNETT W. McILVAINE *et al.* Appellants, *vs.* THE CITY NATIONAL BANK AND TRUST COMPANY *et al.* Appellees.

*Opinion filed February 22, 1939.*

WILSON, J., dissenting.

BREEN, LYLE & O'KEEFFE, and SEYFARTH & ATWOOD, (JAMES W. BREEN, and JOHN H. LYLE, of counsel,) for appellants.

PAM & HURD, MICHAEL J. AHERN, and ARTHUR T. LEONARD, for appellees.

Mr. CHIEF JUSTICE SHAW delivered the opinion of the court:

Copying verbatim from the brief of the appellants:

"This is a representative suit in equity, instituted by the named plaintiffs on behalf of themselves and all other stockholders and creditors of the Central Republic Trust Company, to enforce a derivative cause of action in favor of the Central Republic Trust Company for the value of the good will of said bank which, on and after October 6, 1932, was received and appropriated by the City National Bank and Trust Company of Chicago without the payment of any consideration therefor. On motion of defendants the trial court dismissed the amended and supple-

mental complaint and denied leave to plaintiffs to file a second amended and supplemental complaint.

"The pleadings are simple. They consist of (a) an amended and supplemental complaint and defendants' motion to strike the same, and (b) petition of plaintiffs for leave to file a second amended and supplemental complaint, defendants' answer to said petition, and plaintiffs' reply thereto. No evidence was introduced in the trial court and no evidentiary questions are involved in this appeal."

The questions to be decided by this court are: First, whether it has jurisdiction, second, whether the appellants have a right to bring this derivative suit, or if the remedy is exclusively in the receiver appointed by the Auditor of Public Accounts, and third, whether a failing bank possesses any good will which is of value. A further question of *res judicata* has been injected by the appellees, but since the case was disposed of on a motion to strike, which tested only the sufficiency of the complaint, it is not properly before us for consideration.

In support of their position the appellants have filed a brief and argument consisting of 242 pages, and the appellees have filed a brief consisting of 251 pages, plus an appendix of 53 pages printed in double column and fine print. Each page of this supplement would figure about four pages of brief printed in accordance with our rules, so that the total brief for the appellees amounts to approximately 400 pages. The appellants have replied to this with a reply brief of 126 pages.

Our rules provide that a brief may be followed by an argument, but it is not within their contemplation that this right should be abused or the court imposed upon. (*In re Doss,* 366 Ill. 524.) In this case the parties on both sides have drifted far afield, gone extensively into points not necessary to a consideration of the case, and, in many instances, are more oratorical than argumentative.

Of our own motion it is ordered that the briefs of both parties be stricken, that the order of submission be set aside

and the cause continued. The appellants may file a new brief of a reasonable length, confined to the points to be decided, within twenty days from the date of the filing of this opinion, the appellees may file a brief in answer thereto within twenty days from the filing of the brief for the appellants, and the appellants may reply thereto within seven days. *Briefs stricken and cause continued.*

Mr. JUSTICE WILSON, dissenting.