**Ralph Cook, Appellee, v. East Shore Newspapers, Inc. et al., Appellants.**

Opinion filed August 14, 1939. Rehearing denied August 29, 1939.

C. C. LE FORGEE, of Decatur, and POPE & DRIEMEYER, of East St. Louis, for appellants; FRANK THAYER, of counsel.

FARMER, KLINGEL & BALTZ, of Belleville, FELSEN & McMURDO and BEASLEY & ZULLEY, all of East St. Louis, for appellee.

MR. JUSTICE EDWARDS delivered the opinion of the court.

Plaintiff brought suit against the defendants and one R. A. Barracks in an action for libel. The cause was heard by a jury who rendered a verdict for plaintiff, and a motion in arrest of judgment, on behalf of defendants, was sustained. Thereafter sundry motions were filed by both parties. On behalf of defendants there was a motion for judgment on the pleadings, it being alleged therein that their answer set up new affirmative matter which plaintiff failed to deny, and that such defense was thereby confessed under section 40 of the Civil Practice Act. The motion filed by plaintiff was for leave to file an amended complaint and to dismiss as to defendant Barracks.

On October 3, 1938, the court ruled upon the motions by the entry of the following order:

"Oct. 3, 1938. Parties plaintiff and defendant having duly furnished Court and opposing counsel with

briefs supplementing oral argument pursuant to leave of Court and the Court having duly considered all motions heretofore heard and taken under advisement and briefs of respective counsel and being fully advised, doth hereby deny motion of defendant for judgment in favor of defendant, doth overrule defendant's objections to granting motion of plaintiff for leave to file amended complaint or strike same, and for leave to dismiss party, etc., and said amended complaint is by leave of court duly filed and cause dismissed as to defendant R. A. Barracks, to which orders and rulings defendants except. All defendants named in the amended complaint on file herein are ruled to answer said amended complaint or object thereto by written motion on or before October 24, 1938.''

On October 22, 1938, defendants filed in the office of the circuit clerk notice of appeal from so much of said order as adjudges that defendants shall not have judgment against plaintiff, and on October 24, 1938, as required by said judgment order, defendants filed their motion attacking the amended complaint for various reasons; which motion, so far as disclosed by the record, has never been determined by the trial court.

Plaintiff has moved to dismiss the appeal for numerous reasons, among which is that the order appealed from is not final and hence is not the subject of review. Defendants move to strike such motion, claiming that plaintiff did not comply with the rules of this court when it filed same.

The record shows that defendants received copies of such motion several weeks before the convening of this court, and that such was properly entitled and directed to the present term of this court. We think plaintiff complied with the rule and that defendants were bound to take notice of such motion, being served with copies thereof, and were charged with the duty of

ascertaining whether it was duly filed with the clerk of this court.

We do not think that the portion of the order from which defendants seek to appeal is one which is final. However, whether it is or not, defendants are in no position to appeal therefrom.

The amended complaint states the same cause of action set out in the original complaint, based upon the same grounds, and seeks the same redress. Defendants, by moving to dismiss the same, thereby confess the pendency of the action stated in both the original and amended complaints and acknowledge that the suit has not been determined on its merits.

By the appeal defendants seek to secure an adjudication that the cause of action set out in the original complaint, upon the record, should be determined in their favor upon the theory that in the state of the pleadings they were entitled to a judgment upon the merits against the plaintiff. By their motion of October 24, 1938, attacking the amended complaint which sets out the same cause of action as the original complaint, they admit that such cause is still pending and undetermined. They cannot well insist in the reviewing court that the cause of action has been finally determined, while they are still litigating, in the trial court, the question of whether plaintiff shall further prosecute his suit.

In our opinion the cause is still pending in the trial court, and the appeal should be dismissed.

*Appeal dismissed.*