(No. 25207.—

JOHN A. COPPLE *et al.* Appellees, *vs.* E. F. SCOTT *et al.*—
(BERTHA HUNT, Appellant.)

*Opinion filed October 13, 1939—Rehearing denied Dec. 6, 1939.*

MURPHY, J., took no part.

JOHN RADLEY, for appellant.

TAFF & PUTMAN, for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

John A. Copple and Martha Copple, appellees, as co-tenants, filed an ejectment suit in the circuit court of Fulton county to recover possession of a tract of land described as follows: A part of the northeast quarter (NE¼) of section fifteen (15), township six (6) north, range four (4) east of the fourth principal meridian, Fulton county,

Illinois, and lying and being in the southeast corner of said northeast quarter (NE¼), and more particularly described as follows: Beginning at a point three hundred fifty (350) feet north of the southeast corner of said northeast quarter (NE¼) of said section fifteen (15), running thence west fifty-nine (59) feet, thence north two hundred fifty (250) feet, thence east sixty-four (64) feet to the section line, and thence south to the place of beginning. Appellees made proof of *prima facie* title by the introduction of deeds from former owners and proof of possession of a part of the ground claimed. Appellant, Bertha Hunt, filed an answer denying appellees were the owners of the land in controversy. She was in possession as assignee of one Herring, who claimed to have a lease from the Chicago, Burlington and Quincy Railroad Company, which is not in evidence. The case was tried before the court without a jury and judgment entered for the appellees for a part of the land claimed, being a strip twenty-nine feet wide at the north and twenty-five feet wide at the south, off of the east side of the tract in controversy. A freehold is involved and the appeal comes directly to this court.

The principal ground urged by appellant for reversal is that the proof offered by the appellees fails to establish a *prima facie* title in them for any part of the tract claimed, and, since a plaintiff in ejectment must depend upon the strength of his own title and not the weakness of the defendant's, judgment should have been for the latter. The controversy centers around the question whether there was a strip of land between the east line of section 15 and the right-of-way of the Chicago, Burlington and Quincy Railroad Company, which would pass under the deed by which appellees obtained title.

The evidence discloses that in 1859 the then owner of the northeast quarter of section 15 conveyed a right-of-way 100 feet wide to the Peoria and Hannibal Railroad "on the southeast corner of the northeast quarter of section

fifteen (15)." The route of this tract over the quarter section is not otherwise described or located. In 1886, deeds were made and delivered by the then owners of the quarter section and the persons who were the remote grantees of the Peoria and Hannibal Railroad, to the Liverpool Coal and Railway Company, for a tract commencing 33 feet west of the southeast corner of the northeast quarter of section 15, thence north to the section line, thence west 70 feet, thence south to the south line of said quarter, thence east 70 feet to the beginning for railroad purposes. This conveyance leaves 33 feet along the east side of said quarter section. By mesne conveyance this right of way was acquired by the Chicago, Burlington and Quincy Railroad Company and connects with another one of its lines in another part of the quarter section. The descriptions of the right-of-way in the various deeds shown in the record are so indefinite that no accurate location of the right-of-way can be ascertained from them, and it can only be determined by proof of the land possessed and enclosed by the railroad. Measurements made by a surveyor show that this right-of-way is 70 feet wide, and that the center line is 64 feet west of the section line on the north part of the tract claimed, and 59 feet from the section line on the south part of the tract.

In the deed to the appellees dated April 6, 1909, for the northeast quarter of section 15 there is an exception of "less right-of-way of Chicago, Burlington and Quincy Railroad off the east side thereof," which, on its face, would seem to indicate that the right-of-way ran along the section line. However, this is shown to be erroneous, because, in 1850, a plank road 125 feet in width extended north and south along the east line of section 15, a part of which was on each side of the line. This plank road was in use for many years, and was abandoned sometime prior to 1913. A new paved road was constructed in 1922. The west boundary of its right-of-way was the east line of section 15. It is

clear the railroad company, as a matter of fact, did not have possession of land adjoining the section line.

After the plank road was abandoned the appellees took possession of and farmed the strip of land east of the railroad right-of-way and west of the new paved road. The deed under which appellees claim title included all of the quarter section (with certain exceptions not here involved) except the railroad right-of-way. When the plank road was abandoned they were entitled to go into possession of that part of the northeast quarter of section 15 formerly occupied by it (*Highway Comrs.* v. *Kinahan,* 240 Ill. 593) and the trial court found that they did enter into possession of the land in the northeast quarter of section 15, formerly a part of the old plank road. The deed of conveyance to the appellees having included this strip of land, coupled with possession thereof, as found by the trial court, constitutes a *prima facie* title sufficient to support ejectment (*Harrell* v. *Enterprise Savings Bank,* 183 Ill. 538; *Stowell* v. *Spencer,* 190 id. 453; *Chicago Terminal Transfer Railroad Co.* v. *Winslow,* 216 id. 166;) unless appellant shows a better title. Where plaintiff in ejectment makes a *prima facie* case by proof of possession under a deed, he need not trace his title to a common source or to the government. *Burns* v. *Curran,* 275 Ill. 448; *Coombs* v. *Hertig,* 162 id. 171.

It is conceded by appellees there is a strip of land between the right-of-way of the Chicago, Burlington and Quincy railroad and the east line of section 15. It also seems to be conceded the Chicago, Burlington and Quincy Railroad Company acquired whatever rights were conveyed to the Liverpool Coal and Railway Company, but has not enclosed any land so acquired except as described above. The proof of the amount of land occupied by the railroad company is presumed to be in accordance with its deed of conveyance (*Burns* v. *Curran, supra*) and proof of possession by the appellees of land to the east of the surveyed

right-of-way of the railroad establishes possession by appellees of property which would be included in the description of their deed of conveyance. The question of possession and the extent thereof was one of fact for the trial court. It found from proper evidence that part of the land claimed was included in the deed and possessed by the appellees, and this finding will not be disturbed by this court. *City of Quincy* v. *Kemper,* 304 Ill. 303.

The fact that the extent of the land included within the description of the several right-of-way deeds appearing in the record is uncertain and indefinite cannot, alone, overcome the appellees' *prima facie* showing of title, unless proof of possession of the disputed tract by the railroad company is made. There is nothing in the record to overcome the appellees' *prima facie* showing of title to that part of the tract found by the trial court, and its judgment is, therefore, affirmed.

*Judgment affirmed.*

Mr. Justice Murphy took no part in this decision.