(No. 34591.—

Old Salem Chautauqua Association, Appellee, *vs.* Illinois District Council of the Assembly of God, Appellant.

*Opinion filed March 20, 1958.*

KENNETH A. GREEN, of Mattoon, for appellant.

GIFFIN, WINNING, LINDNER & NEWKIRK, of Springfield, (MONTGOMERY S. WINNING, and JAMES M. WINNING, of counsel,) for appellee.

Mr. Justice Daily delivered the opinion of the court:

Appeal has been taken from the circuit court of Menard County in this cause by Illinois District Council of the Assembly of God, the defendant, for the review of a judgment entered in an ejectment action wherein the plaintiff, Old Salem Chautauqua Association, sought and recovered possession of certain realty it claimed to own in fee simple. A determination of the title to real estate is involved in such a manner as to give this court direct appellate jurisdiction. See: *Braun* v. *Maloy,* 369 Ill. 218; *Copple* v. *Scott,* 372 Ill. 307.

The lengthy proceedings which provoke the appeal show that on April 4, 1954, plaintiff filed a verified complaint in ejectment to recover from defendant three separate portions of the Old Salem Chautauqua Park, described as "the athletic field" (count I), "the boat landing" (count II), and "the auditorium" (count III). On May 3, 1954, defendant filed a verified answer denying plaintiff owned the premises and asserting title in itself by virtue of a warranty deed from one Ellen Tucker under date of December 24, 1943. Because the answer did not allege sufficient facts relating to the title claimed by defendant, it was stricken on motion of plaintiff and defendant was permitted to file an amended answer. Contemporaneously with the filing of the latter answer, defendant also filed a verified counterclaim, being a complaint to quiet title, in which it set up its deed from Tucker and alleged that such deed included the three portions of realty claimed by plaintiff in the ejectment action.

On June 14, 1954, plaintiff amended its complaint by incorporating therein a plat of the Old Salem Chautauqua Park which had been acknowledged and filed of record on June 2, 1917. Shortly thereafter defendant amended both its amended answer and counterclaim by attaching and incorporating the following documents: (1) a real-estate

mortgage of December 10, 1926, whereby the plaintiff-association mortgaged and warranted specifically designated lots in Old Salem Chautauqua Park, (expressly excluding "all of the other platted lots,") to one E. S. Waldmire to secure payment of a $6000 note, payable four years from date; (2) a master's deed, dated February 13, 1943, which conveyed the mortgaged premises to Ellen Tucker and contained recitals that a decree foreclosing the mortgage was entered on September 10, 1941, that the master had sold the premises to Ellen Tucker for the sum of $8,000 pursuant to such decree, and that the sale was confirmed on August 21, 1942; and (3) a warranty deed bearing date of December 24, 1943, whereby Ellen Tucker conveyed to defendant the property described in both the mortgage and master's deed and limited her covenants of warranty to the title and interest she had acquired from the master. Plaintiff responded with a motion to strike both the amended answer and the counterclaim alleging that a proper construction of the exhibits attached to the pleadings shows that defendant has no title or interest in the premises to which the pleadings related. Stated simply, the latter motion raised the issue of whether the athletic field, boat landing and auditorium were situated on "the other platted lots" which had been expressly excluded from the mortgage and subsequent deeds.

On December 2, 1954, following a hearing, the court entered an order granting the motion to strike as to the paragraphs of the amended answer and counterclaim which related to the athletic field and auditorium, and granted defendant ten days to amend its answer, but denied the motion insofar as it sought to strike the pleadings which related to the boat landing. Plaintiff now suggests that this order of the court is a binding adjudication of title as to all three of the disputed tracts. Such a supposition is erroneous. A ruling on a motion to strike a pleading which does not declare the rights or title of the parties, is not a

final adjudication. (*Trebbin* v. *Thoeresz,* 316 Ill. 30; *Heiden* v. *Tambone,* 6 Ill. App. 2d 325.) Moreover, in view of the court's action in granting defendant leave to amend its answer, it cannot be said that the order granting a part of the motion to strike was an adjudication on the merits of the respective claims to title. (Cf. *Cantow* v. *Foute,* 335 Ill. App. 574; *Cook* v. *East Shore Newspapers,* 301 Ill. App. 362.) As concluded, all that was tested and determined under the motion to strike was the sufficiency of defendant's pleadings. See: *McIlvaine* v. *City National Bank and Trust Co.* 370 Ill. 637.

Pursuant to the leave granted by the court's order, defendant filed a second amended answer to counts I and III of the ejectment complaint wherein it renewed its general denial of plaintiff's title and right to possession, again alleged title in itself by virtue of the deed from Ellen Tucker, and added an equitable defense of estoppel. Plaintiff then filed a further motion to strike on the grounds that the said answer was insufficient at law and that it did not allege facts upon which an estoppel could be predicated. Several months later the court filed a written opinion which made no reference to the issue raised by the general denial of plaintiff's title, or to the sufficiency of the answer in law, but found only that an equitable defense could properly be pleaded in an ejectment action, (see *Stein* v. *Green,* 6 Ill.2d 234,) and indicated his belief that the defense of estoppel had some merit. Thereafter the court entered an order denying the motion to strike the second amended answer, and when plaintiff elected to abide by its motion, a rule was entered upon it to plead to the suit to quiet title embraced in defendant's counterclaim. By virtue of the order of December 4, 1954, all that remained of the counterclaim were the allegations relating to the boat landing. When plaintiff failed to plead, it was ordered that the counterclaim be taken as confessed. It should be interjected at this point that plaintiff now concedes de-

fendant's title to the boat landing, thus it is no longer an issue in the case.

Having entered the various orders last described, the court entered a final "judgment and decree" on May 17, 1956, which dismissed all three counts of the ejectment complaint at plaintiff's cost, found that the allegations of the counterclaim were true and that defendant was entitled to relief as prayed, and thereafter ordered and adjudged that defendant-counterclaimant had title to the boat landing free and clear of any claim of plaintiff. The latter now sees in the judgment and decree a final and binding adjudication of its title to the athletic field and auditorium, which defendant acquiesced in by failing to appeal. On the state of the record, we do not agree. Insofar as it related to the counterclaim the judgment made no adjudication as to who held title to the athletic field and auditorium but disposed only of the sole issue remaining under the counterclaim, *i.e.*, title to the boat landing. With regard to the ejectment action the judgment did no more than to dismiss such action on the issues raised by the motion to strike the second amended answer, namely, whether the answer was sufficient at law to show a valid claim to title in defendant and whether it pleaded facts by which plaintiff's claim to title was estopped. In neither case was the judgment and decree predicated on a finding that plaintiff held title to the athletic field and auditorium.

Having abided by its motion to strike the second amended answer, plaintiff thereafter appealed to this court from the judgment and decree of May 17, 1956, its notice to defendant stating that appeal was taken "from the judgment and decree rendered and entered against it in the circuit court of Menard County, Illinois, on May 17, 1956, whereby that Court denied the motion of the Plaintiff-Appellant to strike the amended answer of the Defendant-Appellee to counts I and III of the complaint and entered judgment that counts I, II and III of the complaint be

dismissed (the Plaintiff-Appellant having elected to stand by its motion), and that Plaintiff pay the costs." Thereafter, the notice concluded with the following prayer: "Plaintiff-Appellant prays that the Supreme Court of Illinois enter a judgment reversing the portions of the decree herein appealed from and remanding the cause with directions to enter an order striking the amended answer of the Defendant-Appellee to counts I and III of the complaint, and particularly these portions of said amended answer contained in (1) paragraphs 5 to 9, inclusive, of the amended answer to count I; and (2) paragraphs 5 to 9, inclusive, of the amended answer to count III, which paragraphs, as to each count, purport to set up the defense of estoppel."

Before the cause could be heard by this court, defendant's counsel confessed error to each and every error alleged in the notice of appeal and stipulated that the cause be remanded to the circuit court for further proceedings. We allowed the confession of error and remanded the cause in accordance therewith "for further proceedings in the trial court." ( *Old Salem Chautauqua Assn.* v. *Illinois District Council of the Assembly of God,* No. 34162, November Term 1956.) Defendant did not thus confess to plaintiff's title, as is now contended, but only that its second amended answer was insufficient at law to support its claim of title, and that the answer failed to allege facts upon which plaintiff's claim to title could be estopped. The issues created by the general denial of plaintiff's title and right to possession remained.

Upon remandment the cause was redocketed in the circuit court and plaintiff filed a new motion to strike the second amended answer which recited the previous proceedings in the ejectment action, and moved for judgment on the allegations of counts I and III. Three weeks prior to the hearing on the latter motion, defendant, which had procured new counsel, served plaintiff with a notice of its

intention to ask for leave to file a counterclaim, a copy of which was attached to the notice. When the motion was heard the court struck the second amended answer in its entirety, denied an oral motion of defendant for leave to file a third amended answer, denied leave to file the counterclaim and entered judgment that plaintiff have and recover from defendant, in fee simple, the possession of the real estate described as the athletic field and auditorium. Defendant prosecutes this appeal contending that the court erred (1) in entering judgment on the pleadings; (2) in denying leave to file a third amended answer, and (3) in denying leave to file the counterclaim.

Relying upon the time-honored principle that a plaintiff in ejectment must recover on the strength of his own title rather than the weakness of his adversary's title, we held in the comparatively recent case of *Thompson* v. *McGrue,* 3 Ill.2d 168, that a plaintiff cannot have judgment on the pleadings where the defendant denies the plaintiff's title, even when the defendant, by a counterclaim, admitted that his possession was without any claim of right, title or interest. In commenting on the burden to be borne by the plaintiff to meet a general denial of his title, we said, at pages 173-174: "If the plaintiff claims title in fee he must show a fee-simple title and must deraign title from the government where there is no proof of a common source of title, nor of possession by plaintiff of the land in controversy in himself nor in any prior grantee with whom he connects himself. [Citation.] A plaintiff in ejectment, however, may recover upon proof of a *prima facie* title. In order to show *prima facie* evidence of title the plaintiff must make proof of actual possession under a deed or other claim of ownership. [Citation.] It is insufficient that the plaintiff merely makes claim of title. It is required that there be actual proof of title in the plaintiff. Unless the plaintiff actually proves title in himself the defendant cannot be disturbed in the possession of the land whether

he has title or not. [Citation.]" Upon the basis of these observations, and the cited authorities, it was held that the effect of the general denial was to make it incumbent upon the plaintiff to make proof of title to be entitled to possession of the premises, and to require the court to provide the defendant the opportunity to make proof of plaintiff's lack of title.

In the case at hand the second amended answer, as did the first answer, made a general denial of plaintiff's title and right to possession to the athletic field and auditorium, and such allegation remained undisposed of throughout the proceeding. The original motion to strike the second amended answer tested the sufficiency of the answer only to the extent that defendant pleaded title in itself and equitable estoppel against the plaintiff, and the confession of error was likewise limited to these defenses pleaded in the answer. A confession of error to either or both such defenses is not an admission on the part of defendant that the plaintiff was entitled to possession of the premises. Upon remandment, therefore, the issues created by the denial of plaintiff's title remained in the cause and it was error for the court to strike that portion of the answer, and to enter judgment on the pleadings.

There remains for consideration the contention that the court erred in its refusal to grant leave to file a third amended answer and a new counterclaim. In this respect it is unquestioned that the allowance of amendments to pleadings is within the sound discretion of the trial court, and that the refusal to allow an amendment is not prejudicial error unless such discretion is abused. (*Deasey* v. *City of Chicago*, 412 Ill. 151; *Hunsberger* v. *Mitchell*, 333 Ill. App. 644.) Insofar as the ruling on a third amended answer is concerned the record reveals that no amendment was submitted for the inspection of the court, nor was there any showing that the proposed amendment would be a proper one. (See: *Dilcher* v. *Schorik*, 207 Ill. 528, 530;

*Aaron* v. *Dausch,* 313 Ill. App. 524.) When it is considered that the previous answers filed failed to show defendant had a valid claim to title and possession to the athletic field and auditorium or to plead facts by which to estop plaintiff's claim of title, and that such failures were confessed, we see no abuse of discretion in the refusal to permit further amendment. There is no presumption that an amendment will be a proper one, and it is not error to refuse to allow an amendment, particularly after successive failures to file a proper pleading, when it is not presented and there are no means of determining whether or not it will be proper and sufficient. *McFarland* v. *Claypool,* 128 Ill. 397; *Jones* v. *Kennicott,* 83 Ill. 484.

The proposed counterclaim, a copy of which was submitted for the court's inspection, contained three counts, all of which were bottomed upon a theory of either a resulting or constructive trust. Although it assigns as error the court's refusal to permit the filing of such counterclaim, defendant has offered no supporting argument or grounds in the briefs filed in this court other than to make the bare citation of four decisions, in its reply brief, which allegedly treat upon the substantive law relating to resulting and constructive trusts. It is elementary that assignments of error not argued in the briefs submitted to this court on appeal are considered waived and not presented for review. *Warner* v. *Gosnell,* 8 Ill.2d 24; *People ex rel. Carter* v. *Touchette,* 5 Ill.2d 303; *Village of Lake Bluff* v. *Dalitsch,* 415 Ill. 476.

For the reasons stated it is our opinion that the circuit court of Menard County did not err in refusing leave to file the third amended answer and counterclaim, but that it did err in entering judgment on the pleadings in the ejectment action. Accordingly, the order and judgment appealed from is affirmed in part and reversed in part and the cause is remanded with directions to deny the motion to strike the second amended answer, insofar as the mo-

tion is directed to the allegation which denies the plaintiff's title and right to possession, and to further proceed in accordance with the views expressed in *Thompson* v. *Mc-Grue*, 3 Ill.2d 168, and this opinion.

*Affirmed in part and reversed in part and remanded, with directions.*