Illinois District Council of the Assembly of God, a Corporation, Plaintiff-Appellant, v. Old Salem Chautauqua Association, a Corporation, Defendant-Appellee.

Gen. No. 10,351.

Third District.

May 16, 1961.

Kenneth A. Green, of Mattoon, for appellant.

James M. Winning, of Springfield, for appellee.

ROETH, JUSTICE.

The litigation between the two parties to this suit involving ownership of an auditorium and athletic field located on what is known as the Old Chautauqua Grounds in Menard County, has had a long history. The litigation has been before the Supreme Court of this State on three prior occasions and these three prior appeals all arose in a single suit in which the Old Salem Chautauqua Association, (defendant here)

was plaintiff and Illinois District Council of the Assembly of God (plaintiff here) was defendant. For a full and complete resume of the facts giving rise to the litigation, see Old Salem Chautauqua Assn. v. Illinois District Council of the Assembly of God, 13 Ill. 2d 258, 148 N.E. 2d 777, and the case bearing the same title reported in 16 Ill. 2d 470, 158 N.E. 2d 38.

After the decision of the Supreme Court in the latter case, Illinois District Council of the Assembly of God filed this suit against the Old Salem Chautauqua Association. The complaint is a 4 count complaint (1) to declare a resulting or constructive trust in the auditorium and athletic field, (2) to quiet title to the auditorium and athletic field, (3) to reform the deed to include the auditorium and athletic field and (4) for damages. A motion to dismiss on the ground that the former litigation was res adjudicata in this suit was sustained. Plaintiff stood by its complaint and final judgment was entered. The appeal prosecuted by plaintiff to the Supreme Court was transferred to this court.

An examination of the complaint in the case at bar discloses that the facts therein set forth are substantially the same facts set up in the prior suit by Illinois District Council of the Assembly of God in its second amended answer, which was stricken in part, and proposed amended counterclaim, the filing of which was denied, in support of its claim of title in the former suit. Reference was made to these allegations in the opinion of the Supreme Court in 13 Ill. 2d 258, 148 N.E. 2d 777, supra. It would appear that the Supreme Court in that case, inferentially at least, was of the opinion that such facts were not sufficient in law to show title in plaintiff or to create an equitable estoppel against defendant. After the case was remanded to the trial court for trial, plaintiff here sought to introduce, as evidence in defense of the ejectment suit

305

and to show title to the auditorium and athletic field in it, testimony covering the same matters alleged in its second amended answer and proposed counterclaim and now set up in the complaint in the case at bar. In commenting on the refusal of the trial court to permit such proof the Supreme Court in its opinion in 16 Ill. 2d 470, 158 N.E.2d 38, said:

> "Thus, when defendant confessed error in cause No. 34162, it confessed that the Waldmire mortgage, the master's deed and the Tucker deed did not operate to pass plaintiff's title to the athletic field and auditorium, and that the facts pleaded were insufficient to estop plaintiff from asserting its claim of title. The legal sufficiency of those defenses as set forth in the second amended answer was the very matter at issue on the first appeal, and the confession of error operated to remove them forever from the case. While those allegations remained in the second amended answer in the trial involved in this appeal, their legal sufficiency had already been determined and that adjudication was part of the settled law of the case. Any evidence offered in support of the allegations contained in that particular portion of the answer was improper and properly refused."

In Winkelman v. Winkelman, 310 Ill. 568, 142 N.E. 173, it was said:

> "Where the title to property is directly put in issue in a suit at law or in equity, whether it be by the pleadings or in the course of litigation, and such issue is tried and determined, the judgment is conclusive in all further litigation between the same parties or their privies, whatever may have been the nature or purpose of the action in which

the judgment was rendered or of that in which the estoppel is set up. Peterson v. Nehf, 80 Ill. 25; Kelly v. Donlin, 70 id. 378."

We have carefully examined the opinions of the Supreme Court and are of the opinion that the trial court was correct in holding that the judgment in the former case was res adjudicata in the case at bar. Accordingly the judgment of the Circuit Court of Menard County will be affirmed.

Affirmed.

CARROLL, P. J. and REYNOLDS, J., concur.