ALBERT M. SCOTT

*v.*

DANIEL DELANY.

1. POSSESSION — *what constitutes.* It is not necessary that land should be inclosed or occupied as a residence to constitute possession under the Limitation act of 1839. Where a part of a tract is reduced to actual use under a deed for the whole, the possession will embrace all the land described in the deed.

2. Where a party has title, or color of title, to woodland, and uses the land for the purpose of obtaining wood for fuel, or fencing for a farm in the neighborhood, under a claim of ownership, this will constitute a possession. So, if a person holding a deed for land enters and clears off a part, with intent to follow up such act with other improvements, this will be possession of the whole.

3. COLOR OF TITLE—*tax deed.* A sheriff's deed for land sold for taxes is color of title, under the Limitation act of 1839.

4. INSTRUCTION—*repeating.* It is not error to refuse an instruction where the substance of it is contained in others given, nor one which takes from the jury the right to pass upon a question of fact.

5. EVIDENCE—*proof to court and to jury.* The admission in evidence of a deed by the court, on preliminary proof of its execution, does not relieve the party of proving its execution and delivery to the jury.

APPEAL from the Circuit Court of Peoria county; the Hon. J. W. COCHRAN, Judge, presiding.

Mr. J. K. COOPER, and Mr. H. W. WELLS, for the appellant.

Mr. JULIUS S. STARR, and Mr. D. McCULLOCH, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of ejectment, brought by Albert M. Scott, against Daniel Delany, to recover the east half of the south-west quarter of section 9, township 10 north, 6 east, Peoria county. A trial of the cause before a jury resulted in

a verdict and judgment in favor of the defendant, to reverse which the plaintiff appealed.

Conceding that the plaintiff, on the trial, showed a chain of title from the United States to himself by the several deeds of conveyance read in evidence for that purpose, the main question, then, presented by the record is, whether the defendant established claim and color of title, made in good faith, and possession and payment of taxes for seven successive years, as required by section 8 of the act of 1839, to bar a recovery. If this was shown, then the judgment will have to be affirmed, although slight errors may have occurred on the trial of the cause, which did not affect the substantial merits upon this, the main question in the case.

The defendant, for the purpose of bringing himself within the provision of section 8 of the Limitation act of 1839, offered in evidence a deed from the sheriff of Peoria county, to John Comstock, for the land in controversy, dated the 5th day of October, 1861, which was made under and by virtue of a sale of the land for taxes for a prior year; also, a contract from Comstock to the defendant, which provided for a deed of conveyance upon the payment of a certain sum of money. The defendant also offered a deed from John Comstock to himself, dated January 24, 1873.

John Comstock was called as a witness, and testified, in substance, that, in the fall of 1862, 1863 or 1864, he explored the land for coal. In 1863, 1864 and 1865, he cut poles on the land, and hauled them upon another tract, a half mile distant, to repair fences. In 1862, he cut off the brush and cleared a spot on the land large enough for a building place. He paid all taxes from 1863 to 1866 inclusive. It also appears, from the evidence, that the defendant commenced fencing the land in May, 1866. During the summer, he grubbed and broke the land, and, in November following, he erected a house, moved upon the land with his family, and has resided there, improving and cultivating the land, ever since, and, since 1866, he has paid all taxes.

There is no dispute in regard to the fact that the taxes were paid for more than seven successive years, and it is also clear that the defendant was in the actual possession of the land for six years and some two months before the action was brought. If, then, Comstock was in the possession of the land before he sold to the defendant, the seven years' possession required by the statute was complete.

It is not necessary that land should be inclosed or occupied as a residence to constitute possession. Where a part of a tract is reduced to actual use under a deed, the possession will be co-extensive with the description of the land in the deed. Where a party has title, or color of title, to woodland, and uses the land for the purpose of obtaining wood for fuel, or fencing for a farm in the neighborhood, under a claim of ownership, such facts have been held, under a number of decisions of this court, to constitute possession. *Davis* v. *Easley,* 13 Ill. 199; *Austin* v. *Rust,* 73 id. 491.

So, too, where a party holds a deed for a tract of land, and enters upon it, clears off a portion, under a claim of ownership, with intent to follow up such acts with other improvements, this may constitute possession.

In this case, Comstock held a deed of the land. Under a claim of ownership, he cleared off a lot large enough for a building spot, and for several years he used the land as a woodlot, from which he obtained fencing for another tract near by. These different acts, under claim and color of title, were sufficient to apprise the public that Comstock was in the possession of the land, and, under the evidence, the jury were justified in finding that he was in the possession of the tract before he sold to the defendant.

But it is claimed, in behalf of the plaintiff, that Comstock did not acquire title in good faith, and this is predicated upon the alleged ground that the affidavit filed with the county clerk, under which the deed issued to him, had been altered after it was filed. In the description of the land in the affidavit, as first written, the figures "160" had originally been

written.   This was changed by placing the figure " 8 " over
the first two figures.   In the certified copy of the affidavit,
which was procured about three years before the trial, the
clerk, in copying the affidavit, described the land as " 60 "
acres, and this certified copy is relied upon to establish the
fact that a fraudulent alteration was made by Comstock since
the copy was obtained; but Comstock was called as a witness
on this point, and he testified he made the figure " 8," and,
while he does not remember the particulars of the transaction,
he knows the change was made before it was filed; that he
never changed it after it was filed.   He further testified that
he never saw the affidavit after he delivered it to the clerk.
Now, whatever suspicion may have attached to the trans-
action from the appearance of an alteration, and from the
certified copy obtained of the clerk, it may be regarded as hav-
ing been removed by the testimony of the witness Comstock.
Nothing appears to impeach his testimony, and the apparent
alteration in the affidavit was fully explained by it, so far, at
least, as to remove any suspicion of bad faith on his part.   We
are, therefore, satisfied the jury were warranted in finding,
from the evidence, that Comstock acquired title in good faith.

The three elements, seven years' possession, seven successive
years' payment of taxes, and color of title acquired in good
faith, seem to have been established, which brought the de-
fendant within the protection given by the Statute of Limita-
tions.

We now come to the consideration of the instructions of
the court.   The court gave ten instructions on behalf of the
plaintiff, and refused nine.   No question seems to be raised,
on the argument, as to the first and second refused instructions.
As to the third and fourth, the substance of those was given
to the jury in the plaintiff's fourth, and their refusal could
do no harm.

In regard to instruction five, which was refused, the same
principle it contained was announced in instruction number
two, given.

The sixth refused instruction was bad, if for no other reason, upon the ground that it took from the jury the right to weigh and pass upon the facts proven in regard to the possession of the land. It was for the jury to say, from the evidence, whether the defendant and his grantor had been in the possession of the premises for seven successive years; and had this instruction been given, this right would have been invaded by the court.

As to the seventh refused instruction, there was no question made in the case in regard to an outstanding title, and if it be true the instruction contains a correct proposition, it was not error to refuse it. It is no part of the duty of a court to give instructions not pertinent to the questions involved.

As to the eighth refused instruction, it is conceded that it was not pertinent to any question in the case, but it is claimed to be proper to meet some argument made by the opposite counsel in the case. Whether it is pertinent to the argument made before the jury we have no means of knowing, as no part of the argument appears in this record. The instruction was not calculated to enlighten the jury upon any question of law involved in the case, and it was properly refused.

As to the ninth instruction, it might have been a good argument to the jury, if made to them at the proper time; but as an instruction on a question of law it was not proper.

Exception was taken to instructions numbers five and five and a half, given for defendant. The deed from Osburn to Thompson was not acknowledged as required by law, and the plaintiff introduced proof before the court to establish the fact that the signature to the instrument was the genuine signature of the grantor. By the fifth instruction, the sufficiency of the proof of the execution and delivery of the deed was submitted to the jury. We do not regard the instruction as erroneous. Before the deed could be read in evidence, it devolved on plaintiff to prove to the court the fact of execution; but when the court held the deed admissible in evidence, it might still be a question for the jury to determine whether the deed was

executed and delivered by the grantor. Greenleaf, vol. 1, sec. 49, announces the rule as follows: "If the genuineness of a deed is the fact in question, the preliminary proof of its execution, given before the judge, does not relieve the party offering it from the necessity of proving it to the jury. The judge may decide whether there is *prima facie* any reason for sending it to the jury."

In regard to the other instruction, it merely announced the well recognized rule that a deed, to pass title, must be delivered. While it is true that was not a question in the case, yet we perceive no injury the instruction could do the plaintiff.

The law involved in the case seems to have been fully given to the jury by the instructions of the court, and so far as appears by this record a fair trial was had, and we perceive no ground to disturb the judgment. It will, therefore, be affirmed.

*Judgment affirmed.*