F. M. TERHUNE et al.

v.

HENRIETTA S. PORTER.

*Opinion filed December 22, 1904.*

1. EJECTMENT—*plaintiff must recover upon strength of his own title.* Unless the plaintiff in ejectment proves title the defendants cannot be disturbed in their possession, whether they have any title or not.

. 2. SAME—*what not proof of title.* Proof of a chain of conveyances ending with a deed to the plaintiff does not show a *prima facie* title in the plaintiff in ejectment, where the chain is not connected with any source of title and none of the persons making the conveyances were ever in possession.

APPEAL from the Circuit Court of Franklin county; the Hon. P. A. PEARCE, Judge, presiding.

C. H. LAYMAN, for appellants.

JOPLIN & SPILLER, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This is an action of ejectment, in which appellee recovered a judgment against appellants for the possession of two forty-acre tracts of land in Franklin county. In her declaration plaintiff claimed title to the lands in fee, and the defendants filed pleas of not guilty and a former suit pending. The cause was heard by the court without a jury, which had been waived.

In ejectment a plaintiff must recover, if at all, upon the strength of his own title. (*Doe ex dem. Moore* v. *Hill*, Breese, 304; *Hague* v. *Porter*, 45 Ill. 318.) Unless the plaintiff proved title in herself the defendants could not be disturbed in the possession of the lands, whether they had any title or not. It was proved, and is admitted, that the

lands in controversy were swamp lands, the title to which was originally in Franklin county under the Swamp Land act. Plaintiff offered in evidence a connected chain of conveyances beginning with a deed executed in 1861 by George H. Shotwell and wife to David B. Sexton, and ending with a conveyance to plaintiff from Mary H. Porter, dated November 16, 1897, but she did not connect herself in any way with the title of the county. She also proved payment of taxes from 1868 to 1898 by the different persons to whom said conveyances were made. None of the parties executing such conveyances were ever in possession of the lands. They were vacant and unoccupied up to February 1, 1901, when the defendants took possession under a tax deed of that date, and they afterward cleared and put in cultivation a part of the land. So far as appeared from the evidence the chain of conveyances under which the plaintiff claimed were executed by strangers to the title who had no title to convey. A conveyance by one in possession is *prima facie* evidence of title. (*Coombs* v. *Hertig,* 162 Ill. 171.) But the plaintiff and the persons in the chain of conveyances leading to her having never been in possession nor connected with any source of title, the conveyances were no evidence of title.

Counsel say that the lands being vacant the legal title drew after it constructive possession, which would continue until actual interference with it by the owner of the paramount title. Plaintiff did not prove that she had the legal title, and the rule of law invoked does not apply. As the plaintiff did not prove a *prima facie* title, it is immaterial whether defendants had any title or not.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*