FRANK S. BURNS, Appellant, *vs.* W. R. CURRAN *et al.*
Appellees.

*Opinion filed October 24, 1916—Rehearing denied Dec. 8, 1916.*

1. EJECTMENT—*when title need not be traced to common source
or to the government.* Where the plaintiff in ejectment makes a
*prima facie* case by proof of possession under a deed he need not
trace his title to a common source nor to the government, but
where there is no proof of possession and no proof of title from a
common source the plaintiff must prove title from the government.

2. SAME—*what necessary to prove county invested with title to
swamp land.* All swamp and overflowed land was granted to the
counties by the State in 1852, and all that is necessary to invest
the county with the title is to prove that the land is overflowed
land, and not that it has been classified as swamp land.

3. SAME—*when a deed by chairman of board of supervisors is
sufficient.* A deed to swamp or overflowed lands executed by the
chairman of the board of supervisors of the county is sufficient if
it recites the authority given by the board and that the deed is in
execution of the power.

4. SAME—*mere possession sufficient to warrant recovery where
defendant shows no better title.* Ejectment is a possessory action,
and possession, even without a deed, is presumptive evidence of a
fee, and is sufficient to warrant a recovery unless the defendant
shows a better title.

5. SAME—*possession under a deed or paper purporting to be a
deed is co-extensive with description in such instrument.* A party
who enters into possession of land under a conveyance, even from
a party having no title to convey, or under a paper purporting to
be a deed but having no seal, is presumed to enter according to
the description of such conveyance or paper, and his occupancy of
part, claiming the whole, is construed as a possession of the en-
tire tract which the instrument purports to convey.

6. SAME—*plea of not guilty admits possession in defendant at
beginning of suit.* The defendant in an ejectment suit by a plea
of not guilty admits his possession of the land at the beginning
of the suit.

7. SAME—*question of abandonment is one of intention.* The
question of abandonment is one of intention, to be determined from
the evidence, and there is no abandonment unless the premises are
left with an intention of not again resuming possession.

8. SAME—*when the defendant must make affirmative proof of abandonment by plaintiff.* Where the plaintiff in an ejectment suit has proven a *prima facie* title, it is incumbent upon the defendant, on a claim of abandonment, to make it appear affirmatively that such title had been abandoned by leaving the land with no intention of returning.

APPEAL from the Circuit Court of Peoria county; the Hon. CLYDE E. STONE, Judge, presiding.

KEITHLEY & KEITHLEY, for appellant.

STEVENS, MILLER & ELLIOTT, and RALPH DEMPSEY, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellant brought this action of ejectment against the appellees to recover possession of the west half of section 5, township 6, range 6, in Peoria county. The defendants jointly pleaded not guilty. One of the defendants, the Banner Special Drainage and Levee District, filed a separate plea, alleging that by virtue of a quit-claim deed dated August 1, 1912, executed by the defendant W. R. Curran and wife, it became the owner and possessed of a strip 200 feet wide extending across said land and became the owner of a perpetual easement in the same for the construction of its ditches, and it disclaimed all other interest in the premises. The defendant W. R. Curran filed two separate pleas, one of the twenty years and the other of the seven years Statute of Limitations. The cause came to trial before a jury, and at the conclusion of the evidence offered by the appellant the defendants offered no evidence but asked the court to direct a verdict of not guilty. The motion was sustained, the direction given and a verdict entered accordingly. The motion of appellant for a new trial was overruled and judgment was entered on the verdict.

275 — 29

The plaintiff offered, and the court admitted in evidence, three quit-claim deeds executed to him: one from Jonathan S. Purple and wife of the northwest quarter of section 5, dated February 12, 1894; one from Sarah L. Hamaker, dated February 14, 1894, of the southwest quarter of section 5; and the third from Ella H. Gleissner and husband, dated February 4, 1894, of said southwest quarter of section 5. He also proved that in April, 1894, he went upon the land and put his tenant in actual possession of a part of it. He strung two wires around about an acre in the southwest quarter, and the tenant cleared from three to five acres in the northwest quarter by clearing off the drift-wood, logs and stumps, and the tenant planted these two portions of the premises in corn. The possession was taken by virtue of the three quit-claim deeds. The plaintiff also offered in evidence, and the court admitted, the record of the board of supervisors of Peoria county showing the report of the committee of the judiciary of that board, to whom was referred the petition of the plaintiff for a quit-claim deed to the southwest quarter of section 5, recommending that he be given a quit-claim deed; also a resolution of the board adopting the report and instructing the chairman of the board to execute and deliver to the plain-tiff a quit-claim deed for the county of Peoria for the swamp land mentioned and particularly described in the petition. The plaintiff then offered a quit-claim deed executed by the chairman of the board of supervisors, dated December 15, 1898, of the southwest quarter of section 5, reciting that it was the same land that was sold by the county of Peoria to John D. Hamaker, as would more fully appear upon page 108 of volume "B" of the supervisors' record of Peoria county. The deed also recited that it was given in pursuance of authority granted by and instructions received from the board of supervisors of Peoria county on December 13, 1898, as would more fully appear by the record of said board. The deed was objected to because

there was no showing of title in or possession by the chairman of the board or title or possession in Peoria county and no showing that the land had bcen legally classed as swamp land. The court sustained the objection and excluded the deed.

It was not necessary to show that the county of Peoria had title. If that were so it would have been necessary to show that the grantor of Peoria county, and his grantor, had title, and so on back to the government, which is never required in making a *prima facie* case by proof of possession under a deed. It is only where the plaintiff does not show possession in himself or a predecessor in title that he must trace his title to a common source of title or to the government. Where there is no proof of possession and no proof of title from a common source the plaintiff must prove title from the government. (*Krause* v. *Nolte,* 217 Ill. 298.) But that rule did not apply to this case, because possession was proved. Neither was it necessary to show that the land had been classified as swamp land. The State was invested with the title to all swamp and overflowed land within its boundaries by the act of Congress of 1850, and all swamp and overflowed lands were granted to the counties within their borders by the State in 1852. (*Wabash, St. Louis and Pacific Railway Co.* v. *McDougal,* 113 Ill. 603.) This land was overflowed land,—part land and part water,—and nothing more than proof of that fact was necessary to invest Peoria county with the title. The deed was executed by the chairman of the board of supervisors, but it recited the authority given by the board and that it was in execution of the power, which was sufficient. The court erred in excluding that deed.

Ejectment is a possessory action, and possession, even without a deed, is presumptive evidence of a fee, and is sufficient, in an action of ejectment, to warrant a recovery unless the defendant shows a better title. (*Herbert* v. *Herbert,* Breese, 354; *Barger* v. *Hobbs,* 67 Ill. 592; *Keith* v.

*Keith,* 104 id. 397; *Gordon* v. *Dickison,* 131 id. 141; *Harrell* v. *Enterprise Savings Bank,* 183 id. 538; *Coombs* v. *Hertig,* 162 id. 171; *Chicago Terminal Transfer Railroad Co.* v. *Winslow,* 216 id. 166; *Glanz* v. *Ziabek,* 233 id. 22.) The plaintiff could recover possession of the two pieces of land of which he took actual possession without any conveyance, but having deeds under which he took possession of parts of the land, his possession was co-extensive with the description in the deeds. (*Scott* v. *Delany,* 87 Ill. 146; *Johns* v. *McKibbin,* 156 id. 71.) A party who enters into possession of land under a conveyance from a party having no title to convey or under a paper purporting to be a deed without a seal, is presumed to enter according to the description of such conveyance or paper, and his occupancy of part, claiming the whole, is construed as a possession of the entire tract which the instrument purports to convey. (*Barger* v. *Hobbs, supra.*) The deeds from John S. Purple and wife, Sarah L. Hamaker and Ella H. Gleissner and husband marked out the extent and boundaries of plaintiff's claim, and in law his possession was possession of the west half of section 5. After taking possession the plaintiff acquired the other deed from the county of Peoria, which also defined his possession of the southwest quarter whether it conveyed a good title or not. The plaintiff showed a *prima facie* title, and that was sufficient to warrant a recovery where the defendants showed no title whatever. (*Fisk* v. *Hopping,* 169 Ill. 105.) The defendants by their plea of not guilty admitted that they were in possession of the land when the suit was begun. So far as appeared when the court directed a verdict, they were mere intruders upon the possession of the plaintiff.

It is argued that the court was justified in directing a verdict because the plaintiff abandoned the possession which he took in 1894. He testified that he was not on the land again until between 1896 and 1900, when he saw the wire fence that was built in 1894, and again just before the suit

was begun. This did not prove an abandonment destructive of the *prima facie* title, which had been proved. The question of abandonment is one of intention, to be determined from the evidence, and there is no abandonment unless the premises are left with an intention of not again resuming possession. (9 R. C. L. 852.) The plaintiff having proved the *prima facie* title, it was incumbent upon the defendants, on a claim of abandonment, to make it appear affirmatively that such title had been abandoned by leaving the land with no intention of returning. (*Moon* v. *Rawlins*, 36 Cal. 333.) The court erred in directing the verdict.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*