(No. 30000.—

MARION SCHILLO *et al.,* Appellees, *vs.* GRACE B. MARTIN *et al.,* Appellants.

*Opinion filed May 22, 1947.*

212

EDWARD H. S. MARTIN, of Chicago, for appellants.

TENNEY, SHERMAN, ROGERS & GUTHRIE, (S. ASHLEY GUTHRIE, of counsel,) both of Chicago, for appellees.

Mr. JUSTICE MURPHY delivered the opinion of the court:

This cause is a sequel to *Martin* v. *Schillo*, 389 Ill. 607. The former appeal involved the validity of an affidavit in an attachment action and the proceedings taken thereunder, including a sale of the property attached and a deed issued thereon. This is an ejectment action to recover possession of the lots involved in the former proceeding. No questions arise that require a consideration of the pleadings other than to note that the pleadings of the respective parties in the former action and the exhibits attached are included in the record in this case. The issues raised require a statement of the pleadings, judgment, orders and issues determined in the first case.

In April, 1942, Edward H. S. Martin, an attorney, filed an equity action in the superior court of Cook county asking for an accounting and discovery to the end that the amount of the attorney's fees the defendants owed him

could be determined. Marion Schillo, Adele Schillo and Dorothy S. Fischer were named as defendants. There was no personal service and on May 15, 1942, Edward H. S. Martin obtained leave of court to amend his complaint by adding what was designated in the record as a separate action at law. The count added stated facts and asked for a recovery of fees for the same services set forth in the equity count. Martin also filed an affidavit showing the nonresidence of the Schillos and undertook to set forth grounds for an attachment. A writ of attachment was issued and the property involved in this action was levied upon. The Schillos did not appear and a default judgment was entered which directed the issuance of a special execution and the sale of the property on which the levy had been made. The property was sold by the sheriff under the special execution and Grace B. Martin, the wife of Edward H. S. Martin, became the puchaser on her bid of the amount of the judgment and costs. Pending the expiration of the period of redemption, she assigned a one-fifth interest in her certificate to Celia B. King. After the redemption period had expired a sheriff's deed was issued to Grace B. Martin and Celia King for their respective fractional interests. The sale was held September 15, 1942, and the deed was dated December 16, 1943.

On February 16, 1944, the Schillos filed in the same action what was designated as a petition to vacate attachment, judgment, execution, sale, and sheriff's deed. It was charged in the petition that the affidavit of attachment was insufficient to confer jurisdiction of the property attached and the parties, and that all orders based on such affidavit and made pursuant thereto, including the sale and deed to Grace B. Martin and Celia King, were void.

As originally filed, the petition contained a paragraph of facts, which would, if proved, lay the foundation for relief which was outside the scope of such a petition. The prayer was that the judgment, sale and sheriff's deed be

declared void, and the judgment vacated; that Grace B. Martin and Celia King be required to execute a quitclaim deed conveying all interest in the property to the Schillos and that O. H. Knecht Company, agent of Grace B. Martin and Celia King, be restrained from paying further rentals to them. It concluded with a prayer for general equitable relief. Prior to the hearing the allegations of fact which were beyond the purposes of the petition and the parts of the prayer which asked that Grace B. Martin and Celia King be ordered to execute a quitclaim deed, and the part that asked that their agent be restrained from making further payments of rent to them, were stricken. There was an answer, various amendments to the answer and the petition and motions to strike, all of which were finally disposed of by judgment entered on May 8, 1944.

It was stated in the judgment that the court had jurisdiction of Edward H. S. Martin, Grace B. Martin and Celia King, that the court found the writ of attachment, judgment, special execution and sale of the property were void and adjudged that the judgment be vacated and the special execution quashed. It further directed that "Grace B. Martin did not by said sale acquire any interest in said property or any right to receive deed in default of redemption. Grace B. Martin and Celia King did not acquire and do not have, by virtue of said deed, any right, title or interest in said property." On the appeal of the Martins and Celia King, the judgment of the trial court was affirmed by this court.

Celia King died May 24, 1945, leaving surviving, John B. King, Sr., her husband, John B. King, Jr., a son, and Ardelia Reitzel, a daughter, her only heirs-at-law. On July 7, 1945, the Schillos started this action making Grace B. Martin and the heirs-at-law of Celia King parties defendant. Also included as defendants were the lessees who had rented the several apartments in the building on the lot. Two of the lessees joined in the joint and several

answer of Grace B. Martin and the Kings. The other lessees did not file an answer.

The complaint in this action contained a single count in ejectment. It was alleged that plaintiffs were in possession of the property on December 15, 1944, and that on the day following said date defendants entered into possession of the real estate described and unlawfully withheld the same from the plaintiffs. The joint and several answer admitted the defendants went into possession as alleged in the complaint but denied that they were unlawfully withholding possession from the plaintiffs. That part of the pleadings of the former action which pertains to the petition of the Schillos to vacate the judgment order of the trial court and its affirmance by this court was pleaded and set forth in the answer.

The reply of the plaintiffs to such answer raised a question as to the effect the final judgment entered in the former suit has on plaintiffs' right to possession of the lots involved. After a hearing of evidence, a judgment was entered awarding plaintiffs possession of the property. This appeal followed.

Defendants concede the deed to Grace B. Martin and Celia King was declared void in the former action but in their brief they say they rely "on the effect of the decree in the former suit as *res judicata* or estoppel by verdict." The final judgment order in the former action did not contain any reference as to who was entitled to possession of the property but, notwithstanding such omission, defendants argue that the question of possession was within the scope of the pleadings in the former action and should have been there determined. It is argued that the absence of a finding in reference to possession in the former judgment order is to be taken as a judicial determination that plaintiffs did not have any right to possession of the property and that, therefore, they are estopped from relitigating the question of possession in this action.

Defendants make repeated reference in their brief to the petition filed by the Schillos in the former action and designate it as an action in equity to vacate a void judgment. In this there is a misapprehension as to the nature of the petition and the proceedings had thereunder. Edward H. S. Martin obtained leave to amend his complaint by adding a separate action at law. The petition of the Schillos to vacate was filed in the same case and although Grace B. Martin and Celia King were made parties defendant to the petition, it continued as a petition or motion to vacate a judgment which had been entered on the law side of the court. The grounds alleged in the petition were limited as to defects appearing on the face of the record. It did not contain any of the grounds over which equity has jurisdiction, such as fraud or mistake. The only issue was as to whether the defects appearing on the face of the affidavit were such as to render null and void all the court action that was based thereon. Indeed, equity could not assume jurisdiction to declare void a judgment rendered under the conditions of the one in the former case, for the reason that the parties had an adequate remedy at law. There is nothing that is contained in the judgment in the former action nor anything that was omitted therefrom that might have been included that estops plaintiffs from prosecuting their right to possession in this action of ejectment.

Plaintiffs introduced documentary evidence showing a good and connected chain of title from the government to them. The evidence further shows that plaintiffs' father owned these premises and was in possession of the same until his death in 1940. Plaintiffs are claiming by virtue of his will and it also appears that plaintiffs continued in possession for about three years after their father's death. Such proof established a *prima facie* title in plaintiffs and it then devolved on defendants to introduce evidence to overcome that title and *prima facie* right to possession.

*Chicago Terminal Transfer Railroad Co.* v. *Winslow,* 216 Ill. 166; *Stowell* v. *Spencer,* 190 Ill. 453.

It is obvious that a deed declared void in a former action would not establish title in the grantees or those holding through or under them. The only color of right of possession that Grace B. Martin and the Kings, or those holding in privity with them, had in the premises terminated when the deed and proceedings on which it is based were declared void in the former action. The parties to that action, and all holding through and under them, are bound by the former judgment.

During the course of the trial defendants moved to require plaintiffs to elect which of the defendants they would proceed against. They perceived that the facts make the provisions of section 29 of the Ejectment Act applicable. (Ill. Rev. Stat. 1945, chap. 45, par. 29.) That section provides that when an action in ejectment is against several defendants and it appears on the trial that any of the defendants occupy "distinct parcels in severalty or jointly, the plaintiff shall elect, at the trial, against which he will proceed." It is clear that the statute has no application, for Grace B. Martin and the Kings held as tenants in common and the tenants in possession of their respective apartments were holding through and under them.

One of the lessees named as a defendant was not served with summons. The cause proceeded to trial without him and when judgment was entered awarding plaintiffs possession of the property, it was directed against all the defendants which included the one who had not been served. Subsequently the error was corrected to make the records speak the truth by entry of an order *nunc pro tunc,* as of the date of the original judgment. Defendants contend there was error in such procedure. The procedure followed was according to law.

For the reasons assigned, the judgment of the superior court is affirmed.

*Judgment affirmed.*