(No. 33099.—

FRED HOWARD THOMPSON, Appellee, *vs.* FORD McGRUE, Appellant.

*Opinion filed May 24, 1954.*

ELIJAH B. KELLEY, of Chicago, for appellant.

FLEETWOOD M. McCoy, and WALTER K. BLACK, both of Chicago, for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This is an action in ejectment brought by Fred Howard Thompson, plaintiff-appellee, against Ford McGrue, defendant-appellant, in the superior court of Cook County. Defendant-appellant answered denying the allegations of the complaint, setting up certain affirmative defenses and filing a counterclaim for reimbursement for taxes paid and improvements made upon the property in question. Plaintiff-appellee filed a motion for judgment upon the pleadings, which motion was allowed upon the presentation of oral argument and briefs by counsel. A freehold being necessarily involved the cause comes here directly.

In the complaint, plaintiff alleges that on or about March 1, 1945, he was possessed, in fee, of certain premises located at 4624 South Dearborn Street, Chicago, Illinois. He claimed to have become possessed of this property under the will of his mother, one Maude Thompson, who died on August 18, 1929, and whose will was admitted to probate on April 10, 1931. It is averred that Maude Thompson obtained possession by virtue of a conveyance of the said premises by a warranty deed. It was further alleged that while plaintiff was so possessed of these premises the defendant did, during March, 1945, enter into the premises

without any right, title or interest therein, adversely to plaintiff, and did then unlawfully withhold possession from the plaintiff. Wherefore the plaintff prayed for judgment of possession and damages of $50.

Attached to the complaint, as filed, were instruments purporting to be the will of Maude Thompson and a warranty deed for these premises from Thomas J. Terry and Jeannette Terry, his wife, as grantors, to Maude Thompson, as grantee, dated June 28, 1923, bearing $2 in Federal revenue stamps and duly acknowledged by a notary.

The will of Maude Thompson disclosed that, after the payment of all of her just debts and funeral expenses, a bequest of one dollar to her husband, and another bequest of all of her personal property, she gave and bequeathed all of her remaining estate and property of all kind to plaintiff, Fred Howard Thompson, John Orlando Thompson, and Willie Thompson, her children, to be divided equally among them.

In answer to the complaint defendant, Ford McGrue, generally denied that plaintiff was ever possessed of the property or was seized in fee simple thereof, denied that the plaintiff became possessed thereof under the alleged will of Maude Thompson, and denied that Maude Thompson became possessed of these premises under the deed recited in the complaint, or any deed. He did, however, admit he entered into the possession of the premises on or about March 23, 1945, but denied his entry was without right or interest and adverse to this plaintiff. He further denied that he then unlawfully withheld possession from the plaintiff. Defendant then asserted affirmative defenses as a separate action in chancery alleging that in 1945 the premises were generally unfit for human habitation, tax delinquent, condemned by the city of Chicago, and abandoned; that he attempted to locate the owner thereof and found that the title was recorded in the Cook County recorder's office as being in one Maude Thompson; that he

could not locate her; that he thereupon set about to rehabilitate the property and later moved in; that he spent large sums of money improving the property and in settlement and compromise of some taxes and in the payment in full of others; and that he had been in the continuous and unchallenged ownership of the premises since about March 25, 1945, until April 9, 1952. He states that during all of the period of said possession, the plaintiff and his relatives resided within a radius of one mile of the property; that the plaintiff knew that the defendant or someone was improving the premises and in possession thereof and hence the plaintiff is guilty of *laches* and should be estopped from claiming or asserting any interest in or to the said real estate.

Defendant also filed a counterclaim setting forth certain alleged facts in support thereof. He asserted that on or about March of 1945 he sold his farm in Michigan for $3000 and removed himself and his family to Chicago where housing accommodations were found to be acutely short and he and his family were without a permanent place to live. He was referred to the property in question and was informed by neighbors and persons squatting in the premises, but disclaiming any right in possession or title, that the owner was either dead or unknown, and that the premises had been abandoned. A title search disclosed that Maude Thompson was the apparent owner and a search for Maude Thompson was unavailing. The real estate was improved with a frame building that had been condemned as unfit for human habitation. A tax search disclosed that taxes on the property were delinquent since 1932, and, thereafter, upon entering into possession, he either settled or paid in full all of the outstanding taxes. He thereupon set about the rehabilitation of the premises at a cost in excess of $7000. He asserted open and notorious ownership of the premises and was unchallenged until April 9, 1952, although the defendant had lived within

the vicinity of the premises since 1943. Since 1945 the plaintiff had seen defendant or someone in possession of the house, had noticed the improvements thereon, but had done nothing until almost nine years' later to claim his interest. Defendant, as counterplaintiff, prayed in the alternative that (1) counterdefendant or plaintiff and all claiming under or through him be perpetually enjoined from asserting any title to said premises; (2) that the real estate be sold and from the proceeds thereof counterplaintiff be reimbursed to the extent of his just dues; (3) that a lien be impressed upon the premises in favor of the counterplaintiff, said lien foreclosed, a sale ordered, and from the proceeds thereof the counterplaintiff be paid his just dues; and (4) such other relief as the court shall deem just.

Thereupon the plaintiff moved the court for a judgment on the pleadings or to dismiss the answer and the counterclaim. The plaintiff contends that the defendant's answer is insufficient as a defense in that it admitted an entry by defendant without alleging any right, title or interest in the premises; that it admits holding adversely to any and all persons, other than plaintiff, who might claim an interest; invokes the doctrine of *laches* as a bar to plaintiff's ejectment suit, but admits his possession was for a time insufficient to ripen into title either in law or in equity; does not state grounds for relief under the Occupying Claimant's Act which he tries to avoid by resort to equity, and that he seeks equity in his counterclaim without offering to do equity by accounting for rents and profits for the term. The cause came on for hearing before the trial judge upon the motion of the plaintiff. Upon hearing oral arguments of counsel for both sides and receiving briefs of counsel, the court entered an order adjudging that "Plaintiff and counter-Defendant have and recover of and from the Defendant and Counter-Plaintiff, Ford McGrue, the possession in fee simple of the premises

in question, and that a writ of possession issue therefor forthwith."

On this appeal the defendant contends, as appellant, that the trial court erred (1) in sustaining the plaintiff's motion for judgment over the defendant's negative answer, (2) in sustaining plaintiff's motion for judgment over the defendant's affirmative answer, and (3) in sustaining plaintiff's motion for judgment over the defendant's counterclaim.

It is first urged by the defendant that the trial court erred in sustaining the motion of plaintiff for judgment over the defendant's negative answer. It is provided in the Ejectment Act that the defendant, "may answer as hereinafter provided by way of general denial, or specific denial or affirmative defense, and such motion or answer shall constitute an appearance in the case." (Ill. Rev. Stat. 1953, chap. 45, par. 19.) Here the defendant did file an answer generally denying the allegations of the plaintiff and adding thereto certain affirmative defenses as well as a counterclaim. It is axiomatic in the law of ejectment in this State and it has been repeatedly held by this court that the plaintiff in an ejectment proceeding must recover on the strength of his own title and not on the weakness of his adversary's title. The plaintiff in such a case cannot rely on some supposed equity existing in himself or on some frailty in the defendant's position. (*Firke* v. *McClure,* 389 Ill. 543; *Allott* v. *Wilmington Light and Power Co.* 288 Ill. 541; *Terhune* v. *Porter,* 212 Ill. 595.) If the plaintiff claims title in fee he must show a fee-simple title and must deraign title from the government where there is no proof of a common source of title, nor of possession by plaintiff of the land in controversy in himself nor in any prior grantee with whom he connects himself. (*Powell* v. *Trustees of School,* 415 Ill. 236.) A plaintiff in ejectment, however, may recover upon proof of a *prima facie* title. In order to show *prima facie* evidence

of title the plaintiff must make proof of actual possession under a deed or other claim of ownership. (*Glanz* v. *Ziabek,* 233 Ill. 22.) It is insufficient that the plaintiff merely makes claim of title. It is required that there be actual proof of title in the plaintiff. Unless the plaintiff actually proves title in himself the defendant cannot be disturbed in the possession of the land whether he has title or not. (*Terhune* v. *Porter,* 212 Ill. 595.) In the case at hand the defendant made a general denial of title in the plaintiff. It is true the defendant in his affirmative defenses and in the counterclaim filed by him did aver that he entered upon the premises and took possession thereof without any prior claim of right, title or interest therein. Such assertions by the defendant do not, however, amount to an admission upon the part of the defendant that the plaintiff was himself entitled to the possession of the property. The effect of the general denial filed by the defendant in this cause when considered in the terms most favorable to the plaintiff amounts to no more than an assertion that although the defendant did not enter upon the premises under a claim of title thereto he nevertheless alleges that neither is the plaintiff entitled to the possession of the premises by virtue of a proved title. Having proved no title in himself, but only having averred the same in his complaint, it is incumbent upon the plaintiff to now make proof of title to be entitled to possession of the premises. Moreover, under the principle that all defenses in bar are available under the general issue the defendant may make proof of any fact tending to show that the plaintiff has no title such as that the consideration of the deed upon which the plaintiff bases his title and right of entry was illegal or that the deed was procured by fraud or was invalid for any other reason. (18 Am. Jur. 77, Ejectment, sec. 91.) Upon this general denial here the court was required to provide the defendant the opportunity to make proof of plaintiff's lack of title. For

these reasons the trial court erred in allowing the motion of the plaintiff for judgment on the pleadings, and the judgment of the trial court must be reversed.

It is unnecessary for this court to consider the other assignments of error raised by the defendant in this appeal since this cause must be reversed upon the assignment above discussed. Accordingly the judgment of the superior court of Cook County is herewith reversed and the cause remanded to that court with directions to vacate the order allowing the plaintiff judgment on the pleadings and to proceed with the orderly disposition of the cause.

*Reversed and remanded, with directions.*