THE DEPARTMENT OF CONSERVATION *ex rel.* THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CURTIS FAIRLESS *et al.*, Defendants-Appellants.

Fifth District   No. 5—94—0329

Opinion filed July 26, 1995.

Ronald E. Osman, Sara L. Fike, Michael W. Maurizio, and C. Tony Davis, all of Ronald E. Osman & Associates, Ltd., of Dongola, for appellants.

William L. Broom III, Special Assistant Attorney General, of Carbondale, and Michael J. Luke, Assistant Attorney General, of Springfield, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, the Department of Conservation of the State of Illinois, for and in behalf of the People of the State of Illinois, brought this action in ejectment against defendants, Curtis Fairless and Gladys Genevieve Fairless, seeking to eject defendants from certain parcels located in Johnson County. The circuit court of Johnson County, following a bench trial, entered judgment in favor of plaintiff, finding that plaintiff's predecessor in title had been in possession of the subject parcels at the time of their conveyance to plaintiff; that plaintiff's predecessor in title could have maintained an action in ejectment against defendants and that this right passed with title to plaintiff; and that defendants failed to prove an interest in the land which is higher and better than plaintiff's and thus plaintiff was entitled to possession of the subject parcels.

On appeal, defendants contend that the trial court erred in ejecting defendants from the subject parcels because plaintiff's predecessor, Southern Railway Company (hereinafter Southern Railway), did not have fee simple title in the property and was not in possession at the time of the conveyance to plaintiff by quitclaim deed. We affirm.

## I

On October 15, 1990, Southern Railway, through a deed of donation to the People of the State of Illinois, Department of Conservation, conveyed to plaintiff all of Southern Railway's "existing legal or equitable right, title and interest, including mineral rights, of, in and to the right of way, real property along grantor's former Harrisburg to Karnak Line." The deed specifically conveyed the Johnson County segment which includes the five parcels of property claimed by defendants. The five parcels are a portion of a railroad corridor which at one time stretched from Cairo to Danville. The Cairo and Vincennes Railroad began using the five parcels as a railroad right-of-way in 1872. The railroad obtained the deed to parcel 1 from Levi Dunn, who owned property in the quarter section (the southeast quarter of section 33) in which the railroad located its right-of-way. However, the deed from Levi Dunn purports to convey property in the southwest quarter of section 33, which property was not owned by Levi Dunn. Originally, the railroad had no deed to parcel 2, only having possession. Title to parcel 2 was claimed by possession for approximately 120 years by successive railroads. Parcels 3, 4, and 5 were obtained in fee simple through deeds from the owners of the property in the quarter sections in which the railroad located its right-of-way. The entire railroad corridor has been included in several railroad-to-railroad conveyances. In 1913 the Cairo, Vincennes and Chicago Railway Company (successor to Cairo and Vincennes Railroad) conveyed the railroad corridor to the Cleveland, Cincinnati, Chicago and St. Louis Railway Company. The Cleveland, Cincinnati, Chicago and St. Louis Railway Company conveyed the railroad corridor to Consolidated Rail Corporation in 1976. In 1982, Consolidated Rail Corporation conveyed the railroad corridor to Southern Railway. Sometime between the summer of 1988 and May 1990, Southern Railway ceased rail traffic along the railroad and removed the railroad tracks. On October 15, 1990, Southern Railway, through a deed of donation, conveyed to plaintiff its right-of-way along the railroad corridor from Harrisburg to Karnak. On January 9, 1991, the deed was recorded in Johnson County, as well as Saline, Williamson, and Pulaski Counties.

Over a period of years, defendants acquired the property through which parcels 1 through 5 of the railroad right-of-way traverse. Defendants obtained parcel 1 by warranty deed dated January 29, 1949. On October 3, 1964, defendants acquired by warranty deed parcel 2. On August 30, 1968, Gladys Genevieve Fairless obtained parcel 3 as a joint tenant with her parents, who have predeceased her. Defendants claim title to only the east half of parcel 3. Defendants obtained the southeast portion of parcel 4 through a 1971

warranty deed. Defendants make no claim to any part of parcel 5.

In May 1990, after Southern Railway completed the removal of the railroad tracks, defendants erected a fence across the right-of-way which had been used by the railroad at defendants' northern property line in parcel 1 and across a portion of parcel 5 because it was a convenient place for the fence to connect to the centerline of parcel 4. These fences consisted of steel posts with strands of barbed wire and a "no trespassing" sign with defendant Curtis Fairless' name and address on it. Defendants cleaned up the right-of-way roadbed in parcels 1 and 2 and sowed it in grass. In September 1990, defendants cleaned the east half of the right-of-way in parcel 3 and erected a fence along the top of the hill and took out the fence along the east line of the right-of-way which had been used by the railroad and put in a crossing. Defendants also cleaned the east half of the right-of-way in parcel 4 to the middle of the right-of-way. Defendants have grazed animals on the subject property since the time rail traffic ended and the tracks were removed.

On February 20, 1992, plaintiff filed a complaint for ejectment against defendant Curtis Fairless. Gladys Genevieve Fairless was added as a party defendant on September 3, 1993. In its complaint, plaintiff alleged that it was entitled to possess parcels 1, 2, 3, 4, and 5 on January 7, 1991, by virtue of a deed of donation which quit-claimed the interest of Southern Railway to plaintiff.

On June 18, 1993, the parties filed an agreed statement of facts. A bench trial was held on January 28, 1994, and a supplemental agreed statement of facts was filed by the parties. The trial court issued its judgment on April 19, 1994, finding that plaintiff was entitled to the possession of parcels 1, 2, 3, 4, and 5 as described in the complaint. The description in plaintiff's complaint was based upon the Railroad Valuation Map.

The trial court further found that "although Plaintiff has never been in possession of any of the parcels since it acquired title, its predecessor, Southern Railway Co. was in possession until May 1990, when Defendants took possession after Southern Railway removed the tracks." The court noted that Southern Railway paid the real estate taxes assessed on the parcels from 1983 through 1990, and Consolidated Rail Corporation, Southern Railway's predecessor, also paid the taxes from 1979 through 1982.

Concluding that plaintiff's grantor had been in possession, the court found that defendants' entry onto the parcels before plaintiff acquired title did not preclude the bringing of the ejectment action. Further, the court found that defendants did not show any authority to support their contention that Southern Railway had to remain in possession of the parcels until their conveyance to plaintiff.

Further, the trial court determined that plaintiff demonstrated *prima facie* title by virtue of the 1990 conveyance by a grantor in possession. The court specifically concluded that Southern Railway had not abandoned the parcels and, therefore, any possessory rights it had. The court did not find Southern Railway's removal of the tracks and defendants' fencing of the parcels (all except a portion of parcel 5) indicative of abandonment and thereby destructive of plaintiff's *prima facie* title.

Because Southern Railway could have maintained an ejectment action against defendants, the trial court concluded that this right passed to plaintiff with the 1990 conveyance. Accordingly, plaintiff could properly eject defendants.

Having found that plaintiff proved *prima facie* title, the court stated that defendants had the burden of proving that their interest in the parcels was higher and better than plaintiff's. The court concluded that defendants did not meet their burden of proof. Specifically, the court found that defendants' deed to the property adjacent to parcel 1 excepts the right-of-way and thus defendants were not conveyed parcel 1. As to parcel 2, defendants' deed contained a recitation that the conveyance is "subject to *** the railroad right of way," which the court found indicative of defendants' grantors' recognition of the railroad's interest in the right-of-way. Because defendants did not show that Southern Railway abandoned its interest in parcel 2, the court determined that plaintiff sufficiently proved title to parcel 2. Also, the court found that defendants were not conveyed any part of parcels 3 and 4 and that defendants did not claim any interest in parcel 5. The trial court further ordered that plaintiff is entitled to damages of $10 and costs. Defendants filed the instant appeal.

## II

Defendants argue that the trial court erred in ejecting them from parcels 1, 2, 3, 4, and 5 because plaintiff's grantor did not have fee simple title and was not in possession of the subject parcels at the time of the conveyance by quitclaim deed. Defendants contend that in order for plaintiff to maintain an ejectment action, plaintiff's predecessor in title would have had to remain on the property and be able to maintain an action in ejectment against defendants prior to plaintiff's acquisition of title. According to defendants, plaintiff's predecessor, Southern Railway, did not remain on the property, as evidenced by the cessation of rail traffic and the removal of the railroad tracks—acts indicating Southern Railway's abandonment of the property. Hence, Southern Railway was not in possession of the subject

parcels at the time of the conveyance to plaintiff and had forfeited any possessory rights. Therefore, because Southern Railway was not in possession of the property at the time of the conveyance to plaintiff and since defendants had taken possession of the subject parcels before plaintiff's acquisition of title, Southern Railway could not maintain an ejectment action against defendants. Consequently, the right of ejectment could not pass with title from Southern Railway to plaintiff.

Defendants also argue that plaintiff failed to prove fee simple title to the subject parcels in itself and also failed to establish *prima facie* evidence of title because it did not have possession. Similarly, plaintiff could not claim possession of the parcels through Southern Railway because Southern Railway did not have possession of any portion of the subject parcels prior to the recording of plaintiff's quitclaim deed. We disagree with these contentions for the reasons set out below.

Section 6—104 of the Ejectment Act (the Act) requires that a plaintiff demonstrate a valid subsisting interest in the property at the time the action is commenced. (735 ILCS 5/6—104 (West 1992).) Section 6—104 of the Act states:

> "§ 6—104. Interest of plaintiff. No person shall recover in eject-ment unless he or she has, at the time of commencing the action, *a valid subsisting interest in the premises claimed*, and a right to recover the same, or to recover the possession thereof, or of some share, interest or portion thereof, to be proved and established at the trial." (Emphasis added.) 735 ILCS 5/6—104 (West 1992).

In an ejectment action, plaintiff, to prove a valid subsisting interest in the property claimed, "must show a fee-simple title and must deraign title from the government *where there is no proof* of a common source of title, nor of possession by plaintiff of the land in controversy in himself nor in any prior grantee with whom he con-nects himself." (Emphasis added.) (*Thompson v. McGrue* (1954), 3 Ill. 2d 168, 173, 119 N.E.2d 773, 776.) Likewise, a plaintiff in ejectment may recover upon proof of a *prima facie* title. (*Thompson*, 3 Ill. 2d at 173, 119 N.E.2d at 776.) To show *prima facie* evidence of title, "the plaintiff must make proof of actual possession under a deed or other claim of ownership." (*Thompson*, 3 Ill. 2d at 173-74, 119 N.E.2d at 776.) Thus, "[i]t is sufficient *** for a plaintiff, in order to make a *prima facie* proof of title, to trace his title back to an immediate or remote grantor who, at the time of his conveyance, was in possession of the land claiming it in fee." (*Anderson v. McCormick* (1889), 129 Ill. 308, 316, 21 N.E. 803.) When a plaintiff cannot show possession of the subject property in himself or in a predecessor in title (*i.e., prima*

*facie* title), the plaintiff must trace his title to a common source of title or to the government. (*Burns v. Curran* (1916), 275 Ill. 448, 451, 114 N.E. 166, 167.) For a defendant to prevail in an ejectment action, the defendant must show a higher and better title. *Curran*, 275 Ill. at 451, 114 N.E. at 167; *Whitham v. Ellsworth* (1913), 259 Ill. 243, 246, 102 N.E. 223, 224.

When a predecessor in title could have maintained an ejectment action, that right passes with title to the plaintiff if the defendant remains on the property. (*Rosenthal v. City of Crystal Lake* (1988), 171 Ill. App. 3d 428, 433, 525 N.E.2d 1176, 1179.) A plaintiff seeking to eject a defendant need not prove actual entry under title. Rather, it is sufficient for the plaintiff to prove a right to possession of the property at the time of the commencement of the action as heir, legatee, purchaser, or otherwise. (735 ILCS 5/6—119 (West 1992).) Where entry is made prior to plaintiff's acquisition of title, a plaintiff may properly bring an ejectment action. (*Rosenthal*, 171 Ill. App. 3d at 433, 525 N.E.2d at 1180.) Further, it is not a defense to show that the defendant entered the premises before a plaintiff took title. *Rosenthal*, 171 Ill. App. 3d at 434, 525 N.E.2d at 1180.

■ Plaintiff presented to the trial court quitclaim deeds of conveyance of the subject parcels from Cleveland, Cincinnati, Chicago and St. Louis Railway Company to Consolidated Rail Corporation in 1976 and from Consolidated Rail Corporation to Southern Railway in 1982. Southern Railway, Consolidated Rail Corporation, and Cleveland, Cincinnati, Chicago and St. Louis Railway Company were in possession of the subject parcels at the time of each conveyance. Thus, plaintiff established *prima facie* evidence of title by tracing its title back to an immediate grantor who was in possession of the subject parcels under a deed or other claim of ownership. Accordingly, plaintiff established that it had a valid subsisting interest in parcels 1 through 5 at the time it commenced the ejectment action.

■ Defendants argue that plaintiff is required to trace its title back to the government. However, we see no requirement that plaintiff do so where there is proof that plaintiff's predecessor in title was in possession of the subject parcels under a deed. Because Southern Railway claimed ownership of the subject parcels in fee and was in possession of the property at the time of conveyance to plaintiff, plaintiff sufficiently established *prima facie* proof of title. (*Anderson*, 129 Ill. at 316, 21 N.E. 803.) A plaintiff need trace his title back to the government or a common source of title only when he cannot show possession of the subject property in himself or in any prior grantor. *Burns*, 275 Ill. at 451, 114 N.E at 167.

To support their contention that plaintiff must trace his title back to the government, defendants rely on *Thompson v. McGrue* (1954), 3 Ill. 2d 168, 119 N.E.2d 773. We do not concur with defendants' reading of *Thompson*.

In *Thompson*, the plaintiff therein brought an action in ejectment against the defendant. In his complaint, the plaintiff alleged that he possessed in fee certain property under the will of his deceased mother, who obtained the property by virtue of a conveyance by warranty deed. The will and warranty deed were attached to the complaint. The plaintiff further alleged that the defendant had entered the property without any right, title, or interest therein, while the plaintiff possessed the property. In his answer the defendant generally denied that the plaintiff was ever in possession of the property or that defendant unlawfully withheld possession from the plaintiff. The defendant also asserted affirmative defenses as a separate action in equity, alleging that he attempted to locate the property's owner and was unable to locate her. Defendant then rehabilitated the property, settled or paid the delinquent taxes, and moved into the premises. The defendant was unchallenged in his ownership of the premises for approximately nine years. During this period, the plaintiff lived within the vicinity of the premises and was aware of the improvements made to the property and of the defendant's possession of the premises. However, the plaintiff waited about nine years before making a claim of his interest in the property.

The plaintiff moved the court for a judgment on the pleadings, which the trial court granted. Our supreme court, in reversing the trial court, stated that it is insufficient for a plaintiff in an ejectment action to merely make a claim of title. Rather, the plaintiff must demonstrate actual proof of title in himself. The *Thompson* court held that in order to show proof of title, a plaintiff claiming title in fee "must show a fee-simple title and must deraign title from the government *where there is no proof* of a common source of title, nor of possession by plaintiff of the land in controversy in himself nor in any prior grantee with whom he connects himself." (Emphasis added.) (*Thompson*, 3 Ill. 2d at 173, 119 N.E.2d at 776.) The court explained that "[a] plaintiff in ejectment, however, may recover upon proof of a *prima facie* title." (*Thompson*, 3 Ill. 2d at 173, 119 N.E.2d at 776.) The *Thompson* court stated that to show *prima facie* evidence of title, "the plaintiff must make proof of actual possession under a deed or other claim of ownership." (*Thompson*, 3 Ill. 2d at 173-74, 119 N.E.2d at 776.) In other words, a plaintiff may establish *prima facie* evidence of title by showing possession under a deed or by connecting with the possession of a prior grantor claiming the property in fee. (*Dagit v. Childerson* (1945), 391 Ill. 611, 614, 63 N.E.2d 706, 707.) If a

plaintiff can make a showing of *prima facie* evidence of title in this manner, he need not trace his title back to a common source of title or to the government.

Defendants' assertion that the court in *Thompson* reversed the trial court's decision because the plaintiff therein was required to show record title back to the government and because title in his predecessor was not sufficient to maintain an ejectment action is a misreading of the court's holding. The court held that the trial court erred in granting plaintiff's motion for judgment on the pleadings because plaintiff had not proved title in himself but merely made a claim of title, and that it was incumbent upon plaintiff to make proof of title to be entitled to possession of the property. Thus, defendants' contention that in order to establish *prima facie* evidence of title, plaintiff must trace his title back to the government is not supported by the principles set forth by the *Thompson* court.

## III

Additionally, defendants contend that the trial court erred in finding that plaintiff's predecessor did not need to remain in possession because actual possession by a predecessor in title is required to prove *prima facie* title. We are unpersuaded by this contention.

■ Plaintiff need not prove that its predecessor in title remained in possession of the subject parcels until its conveyance to plaintiff in order to establish a *prima facie* title. (*Chicago Terminal Transfer R.R. Co. v. Winslow* (1905), 216 Ill. 166, 168-69, 74 N.E. 815.) " 'Where there is proof of prior possession by the grantor, or others under whom he [plaintiff] claims and to whose title he is privy, and he or those under whom he holds claim to be the owners of the fee, the law is well settled that in an action of ejectment such proof of prior possession is *prima facie* evidence of ownership and seizin sufficient to authorize a recovery, unless the defendant shows a better title. [Citations.]' " *Winslow*, 216 Ill. at 169, 74 N.E. at 816, quoting *Harrell v. Enterprise Savings Bank* (1900), 183 Ill. 538, 541.

Defendants have not cited any authority to support their proposition that plaintiff's predecessor in title must remain in possession of the subject parcels until their conveyance in order for plaintiffs to prove *prima facie* title. Our research has not revealed any authority to support this contention. We therefore do not feel constrained to accept this argument in reaching our conclusion. We hold that the trial court properly found that plaintiff's predecessor in title need not remain on the subject parcels until their conveyance to plaintiff in order for plaintiff to successfully establish *prima facie* title. Accordingly, we find that plaintiff has established *prima facie* title by virtue

of a conveyance from a grantor which had been in possession of the subject parcels.

To resolve the issue of whether plaintiff's predecessor in title could maintain an action in ejectment against defendants, we must determine plaintiff's interests regarding each of the subject parcels.

Defendants challenge Southern Railway's possession of the subject parcels, arguing that the act of removing the railroad tracks from the subject parcels is clearly indicative of the railroad's abandonment and forfeiture of its possessory rights to the property. Defendants rely on *Schnabel v. County of Du Page* (1981), 101 Ill. App. 3d 553, 428 N.E.2d 671, in support of their abandonment argument. However, we believe *Schnabel* is inapplicable to the case at bar.

In *Schnabel*, the issue of whether the railroad abandoned its right-of-way arose in the context of the railroad's conveyance of an easement to the county, which leased the right-of-way to Prairie Path for the purpose of establishing a nature trail. The railroad in *Schnabel* applied to the Illinois Commerce Commission for permission to abandon its passenger and freight services. The Commission authorized the railroad to abandon all transportation services and to remove the tracks and dispose of its equipment and property. Upon removing its tracks, the railroad conveyed, by quitclaim deed, all its interest in the land previously granted to it a right-of-way. The plaintiffs, owners of the fee through which the right-of-way passed, brought suit to quiet title and set aside the deed to the property conveyed to the county, claiming that since the right-of-way was abandoned by the railroad, the plaintiffs were entitled to reclaim its use because an easement in gross cannot be assigned.

The *Schnabel* court, in addressing the question of when an easement has been abandoned, stated:

> "Abandonment has been defined as the voluntary relinquishment or giving up with the intention of never again claiming one's rights or interest. [Citation.] Thus, in order to establish that a railroad has abandoned its *right-of-way easement*, it is necessary to prove actual relinquishment and the intention to abandon the use of the premises. [Citations.] *** It has been stated that since abandonment means the relinquishment of the property with the intention of abandoning it, that involves a factual determination [by the trier of fact]. [Citation.] *** Abandonment occurs, however, when nonuse is accompanied by acts which manifest an intention to abandon and which destroy either the object for which the *easement* was established or the means of its enjoyment." (Emphasis added.) *Schnabel*, 101 Ill. App. 3d at 558, 428 N.E.2d at 676.

The court concluded that the railroad abandoned its right-of-way as a matter of law when it applied to the Illinois Commerce Commission for permission to terminate rail services and, upon receiving permission, took up its tracks. Since the railroad abandoned the right-of-way for railroad purposes, the easement expired and the property reverted to the owner of the fee.

*Schnabel* is not dispositive to the proper resolution of the issue presented here. In the instant case, Southern Railway owned the right-of-way in fee simple, unlike the railroad in *Schnabel*, which had an easement. The use of the easement as a right-of-way was clearly set forth in the deed to the railroad stating that the railroad, its successors, and assigns were to hold the land "for all uses and purposes, or in any way connected with the construction, preservation, occupation and enjoyment of a railroad." (*Schnabel*, 101 Ill. App. 3d at 555, 428 N.E.2d at 673.) The deed to Cairo and Vincennes Railroad Company, Southern Railway's predecessor in title, contained no such limitations on the grant.

Further, as stated by the court in *Schnabel*, the question of abandonment is one of intention. Intention can be derived from surrounding facts or circumstances sufficient to warrant an inference of an intent to abandon. (*Schnabel*, 101 Ill. App. 3d at 558, 428 N.E.2d at 676.) However, "mere nonuse for a fixed period is not of itself sufficient to establish an abandonment." (*Schnabel*, 101 Ill. App. 3d at 558, 428 N.E.2d at 676.) Defendants assert that since Southern Railway stopped running trains along the corridor and removed the rails, these acts demonstrate the railroad's intention to abandon its fee simple interests in the subject parcels. We find no merit in this contention when the railroad continued to pay taxes on the subject parcels and, shortly after removing the tracks, conveyed the property to plaintiff. We believe that these acts cannot be construed as an intent to relinquish and "never again claim[ ] one's rights or interest [in the property]." *Schnabel*, 101 Ill. App. 3d at 558, 428 N.E.2d at 676.

Defendants also cite *Chicago, Burlington & Quincy R.R. Co. v. City of Chicago* (1894), 149 Ill. 457, 37 N.E. 78, *aff'd* (1897), 166 U.S. 226, 41 L. Ed. 979, 17 S. Ct. 581, for the proposition that a railroad, even if it owns the right-of-way in fee, may only use such property for railroad purposes and that because Southern Railway conveyed the property to plaintiff, a nonrailroad entity, this is further evidence of Southern Railway's intention to abandon the property. *Chicago, Burlington & Quincy R. R. Co.* involved the issue of the distinction between the measurement of just compensation for the condemnation of individual property and the measure of compensation to

railroad companies for condemnation of railroad property to be used for construction of streets crossing railroad tracks. We do not find this authority apposite to defendants' assertion. Furthermore, where a railroad acquires a strip of land for a right-of-way in fee simple without any restrictions or reservations in the deed, the railroad may convey the property to a third party when the property is no longer needed for railroad purposes. (*Spierling v. Ohl* (1908), 232 Ill. 581, 83 N.E. 1068.) Accordingly, the trial court properly concluded that plaintiff's predecessor in title, Southern Railway, had not abandoned the subject parcels and, hence, its possessory rights.

Since plaintiff has established *prima facie* title by tracing its title back to Southern Railway, which was in possession and claiming the subject parcels in fee, the burden now shifts to defendants to show better title in themselves. (*Burns*, 275 Ill. at 451, 114 N.E. at 167.) Defendants' interest in each parcel will be examined individually.

Based on our review of the record, we conclude that Southern Railway owned parcels 1, 2, 3, 4, and 5 in fee simple at the time of the conveyance of the subject parcels, and thus plaintiff obtained fee simple title to this real estate. Because Southern Railway had title and possession of the subject parcels and could maintain an action in ejectment against defendants, this right passed to plaintiff with title. Defendants' entry upon the subject parcels before plaintiff's acquisition of title does not preclude plaintiff from recovering possession of the property through an ejectment action, unless defendants could prove better title. To retain possession of the parcels in question, defendants are required to " 'introduce evidence to overcome [plaintiff's] title and *prima facie* right to possession.' " (*Rosenthal*, 171 Ill. App. 3d at 435, 525 N.E.2d at 1180, quoting *Old Salem Chautauqua Association v. Illinois District Council of the Assembly of God* (1959), 16 Ill. 2d 470, 476, 158 N.E.2d 38, citing *Schillo v. Martin* (1947), 397 Ill. 211, 216, 73 N.E.2d 429.) Our analysis of the deeds through which defendants claim title to the subject parcels leads us to conclude that none of defendants' grantors had an interest in any of the parcels and so conveyed nothing with respect to parcels 1, 2, 3, 4, and 5 to defendants. Therefore, defendants obtained no interest in this property and have no right to possession thereof. Since defendants failed to meet their burden of showing better title, ejectment was proper.

For the foregoing reasons, the judgment of the circuit court of Johnson County is affirmed.

Affirmed.

MAAG, P.J., and HOPKINS, J., concur.